**Esther GUÉRRERO, Plaintiff,**

v.

**REEVES BROTHERS, INC., Defendant.**

No. C-C-83-30-P.

United States District Court,
W.D. North Carolina,
Charlotte Division.

Feb. 14, 1983.

Louis L. Lesesne, Jr., Charlotte, N.C., for plaintiff.

Max E. Justice, Charlotte, N.C., for defendant.

### ORDER

POTTER, District Judge.

THIS MATTER coming on to be heard and being heard before the undersigned

---

**6.** In fact, there is no evidence that Rose and Bell even knew of Hale's activity regarding her son.

United States District Court Judge for the Western District of North Carolina on the 27th day of January, 1983, at the United States Courthouse in Statesville, North Carolina, on Plaintiff's motion for entry of a preliminary injunction pursuant to Rule 65 of the Federal Rules of Civil Procedure in this action brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.,* and

Mr. Louis L. Lesesne, Attorney at Law, having appeared for the Plaintiff, and Mr. Edward Katze, Mr. E. Bruce Mather, and Mr. Max Justice, Attorneys at Law, having appeared for the Defendant; and,

The Court having heard the testimony presented and the oral arguments of counsel, and having reviewed the exhibits introduced and the Memoranda of Law submitted, and being of the opinion that this Court does have jurisdiction over the Plaintiff's claim but that the Plaintiff is not entitled to the preliminary relief sought, enters the following Memorandum and Order:

## FINDINGS OF FACT

1. The Plaintiff is a female citizen of the United States who resides in Mecklenburg County, North Carolina.

2. The Defendant is a New York corporation with two manufacturing plants in Cornelius, North Carolina, the "Cornelius plant" and the "Carolina plant." The two plants are located approximately one mile from each other and are both engaged in the manufacture of foam products.

3. The Plaintiff was employed by the Defendant at its Cornelius plant from sometime in 1977 until January 10, 1983.

4. On July 28, 1982, while employed at the Defendant's Cornelius plant, the Plaintiff filed with the Equal Employment Opportunity Commission (EEOC) a charge of discrimination. In the charge, she alleged that the Defendant, acting through the Plaintiff's supervisor had discriminated against her by subjecting her to sexual harassment, in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e–2(a). Both the Defendant and its supervisor have denied the commission of any act of sexual harassment.

5. Subsequent to the filing of the charge and in the course of the discussions between the EEOC and counsel for the Defendant, a suggestion was made to the Defendant's EEOC coordinator that the Defendant transfer the Plaintiff to another position in an effort to remove her from the alleged discriminatory environment. The Defendant's management officials approved the suggested transfer, that did not require a change in shift, pay, or seniority. Also in the course of such discussions, the Defendant assured the EEOC that it would re-emphasize to all employees at both North Carolina facilities, its corporate policy against sexual harassment, that had been in effect since 1980.

6. The Defendants' EEOC coordinator and the Defendant's management officials discussed the available vacancies on the shift in which the Plaintiff was currently employed at the Cornelius plant, and vacancies were found at the Defendant's Carolina plant.

7. On January 10, 1983, the Plaintiff was told by the Defendant's EEOC coordinator of the transfer effective January 11, 1983 and was told to report to the supervisor of the Carolina plant. At that time the Plaintiff objected to the transfer for lack of a ride to work; the Plaintiff then left the plant for the day.

8. On January 11, 1983, the Plaintiff was placed in a position as an assistant console operator on the second shift at the Carolina plant. In that position, her job duties would primarily involve the operation of a

foam slitting machine by manipulating controls on a keyboard located approximately eight (8) feet away from the slitting machine. The operator was also required to measure and adjust by hand the blades on the machine as the cutting specifications on the orders changed. That afternoon, the Plaintiff, emotionally distressed, explained to the Defendant's EEOC coordinator that she was frightened of machinery.

9. On January 12, 1983, the Defendant's EEOC coordinator offered a second position to the Plaintiff at the Carolina plant. This position involved warehouse duties and pushing buggies similar to the requirements of the job that she held at the Cornelius plant. This position required the occasional use of a fork lift truck, and the Defendant intended to train the Plaintiff for this work.

10. On January 12, 1983, the Plaintiff rejected the second position based upon the forklift requirement, but indicated her willingness to return to the assistant console operator position and was permitted to do so.

11. On January 13, 1983, the Plaintiff brought to the Carolina plant a note from her physician, Dr. Robert A. Heyer, who treated her that day and again on January 24, 1983. The note and his findings reflected the Plaintiff's fear of machinery and her prescription for tranquilizers. The Plaintiff left work on both occasions in emotional and physical distress.

12. The Defendant, thus informed of the Plaintiff's fear of machinery, has offered to assign the Plaintiff to a packaging job that would not involve machinery. This reassignment, just as the console operator position, would not result in a loss of pay, benefits, or seniority.

13. On January 13, 1983, the Plaintiff filed a second charge of discrimination with the EEOC, alleging retaliation and reprisal for filing the initial charge in July, 1982. She alleged that the transfer on January 10, 1983 was retaliatory and punitive. The EEOC is not expected to issue a "right-to-sue" letter on the Plaintiff's charge of retaliation for several months from the time of this Order.

14. On January 14, 1983, the Plaintiff filed a complaint alleging discriminatory transfer and this motion for a preliminary injunction.

## DISCUSSION

### Subject Matter Jurisdiction

This retaliation action was instituted one day after the Plaintiff filed a charge with the EEOC alleging retaliatory transfer. Thus, it is undisputed that the Plaintiff had not exhausted her administrative remedies provided under Title VII.

Congress specifically authorized the EEOC to seek preliminary injunctive relief, 42 U.S.C. § 2000e–5(f)(2), but was silent as to the right of private litigants to pursue this remedy. Various district courts and at least one circuit have interpreted this silence as a prohibition. *Jerome v. Viviano,* 489 F.2d 965, 966 (6th Cir.1974); *Berg v. La Crosse Cooler Co.,* 13 F.E.P. 783 (W.D.Wisc. 1976), *app. dismissed* as moot, 548 F.2d 211 (7th Cir.1977); *Gellman v. State of Maryland,* 12 F.E.P. 1804 (D.Md.1975).

However, the Second, Fifth, Eighth and Ninth Circuits have held that preliminary relief may be granted to private litigants in retaliation actions although no "right-to-sue" letter has been issued by the EEOC, where irreparable harm and probable success on the merits have been proved. *Drew v. Liberty Mutual Insurance Co.,* 480 F.2d 69, 72 (5th Cir.1973), *cert. denied,* 417 U.S. 935, 94 S.Ct. 2650, 41 L.Ed.2d 239 (1974); *Berg v. Richmond Unified School District,* 528 F.2d 1208, 1211 (9th Cir.1975), *vacated on other grounds,* 434 U.S. 158, 98 S.Ct. 623, 54 L.Ed.2d 375 (1977); *McNail v. Amalgamated Meat Cutters & Butcher Workmen,* 549 F.2d 538, 542 n. 10 (8th Cir.1977); *Shee-*

*han v. Purolator Courier Corp.,* 676 F.2d 877, 885 (2d Cir.1982).

■ Until the Fourth Circuit announces its position, this Court will accept subject-matter jurisdiction of Title VII retaliation actions by private litigants seeking preliminary relief, without exhaustion of the usual conciliation procedures, in the belief that acceptance of such jurisdiction best achieves the goals of Title VII.

> "[T]he court is the only arbiter of the merits of a discrimination claim, ... for the court to renounce its incidental equity jurisdiction to stay ... employer retaliation pending the EEOC's consideration would frustrate Congress' purposes. Unimpeded retaliation during the now-lengthy (180-day) conciliation period is likely to diminish the EEOC's ability to achieve conciliation. It is likely to have a chilling effect on the complainant's fellow employees who might otherwise desire to assert their equal rights, or to protest the employer's discriminatory acts, or to co-operate with the investigation of a discriminatory charge."

*Sheehan, supra,* at 885.

However, since this Court has determined that the Plaintiff has failed to sustain her burden of proof on her motion for a preliminary injunction, a separate jurisdictional issue remains regarding continued jurisdiction over the underlying complaint alleging retaliation. This Circuit has held that the later issuance of the "right-to-sue" letter, coupled with the filing of an amended complaint, cures any defect in jurisdiction. *Henderson v. Eastern Freight Ways, Inc.,* 460 F.2d 258, 260 (4th Cir.1972), *cert. denied,* 410 U.S. 912, 93 S.Ct. 976, 35 L.Ed.2d 275 (1973). See also, *Berg v. Richmond Unified School District,* 528 F.2d 1208, 1212 (9th Cir.1975); *Zubero v. Memorex, Inc.,* 12 F.E.P. Cases 605, 608 (N.D.Cal.1976); *Parker v. Kroger Co.,* 14 F.E.P. 75, 76–79 (N.D. Ga.1976); *Bates v. Western Electric,* 15 F.E.P. 1167, 1168–1171 (E.D.Pa.1976); *Dodge v. Grant [Giant] Food, Inc.,* 3 E.P.D. ¶ 8184, 3 F.E.P. 374 (D.D.C.1971), *aff'd* 488 F.2d 1333 (D.C.Cir.1973).

■ In the case at bar, the Plaintiff has no expectation of receiving the "right-to-sue" letter for several months yet. Thus, the caselaw permitting amendment of the complaint shortly after suit is filed, on the theory of relation-back, is inapplicable. Neither can the Plaintiff be aided by the caselaw that grants 20 days beyond the denial of preliminary injunctive relief in which to receive and file the letter and file an amended complaint. *McCarthy v. Cortland County Community Action Program,* 487 F.Supp. 333, 344 (N.D.N.Y.1980). This Court must dismiss the Plaintiff's action on the underlying claim of retaliation as premature; this dismissal is without prejudice to Plaintiff's filing once the right-to-sue letter is received and the Title VII limitations periods have been satisfied.

### Preliminary Injunction from Retaliatory Transfer

In this Circuit, the guidelines for the granting of interim injunctive relief were established in *Blackwelder Furniture Co. v. Seilig Manufacturing Co.,* 550 F.2d 189, 193 (4th Cir.1979). The four factors to be considered are:

(1) Has the petitioner made a strong showing that it is likely to prevail upon its merits?

(2) Has the petitioner shown that without such relief it will suffer irreparable injury?

(3) Would the issuance of the injunction substantially harm other interested parties?

(4) Wherein lies the public interest?

*Id.* at 193.

> "The two more important factors are those of probable irreparable injury to the plaintiff without a decree and of likely harm to the defendant with a decree. If that balance is struck in favor of plaintiff it is enough that grave or serious questions are presented; and plaintiff need not show a likelihood of success."

*Id.* at 196

■ The "irreparable harm" alleged stems from the Plaintiff's fear of working

around machinery, allegedly precluding *any* work with the Defendant. However, this Court finds that the Defendant has offered the Plaintiff a position in packaging at the Carolina plant that does not involve machinery. Acceptance of either this position or the assistant console operator position (if the Plaintiff overcame her phobia) would result in no loss of benefits or seniority.

Since the Plaintiff has failed to demonstrate irreparable harm, sufficient to eliminate the need for a showing of the likelihood of success, the Court must address the latter factor.

Plaintiff's underlying claim alleges unlawful retaliation for (a) her opposition to alleged discrimination by her supervisor and (b) her participation in anti-discrimination efforts, both protected activities under 42 U.S.C. § 2000e–3 (1976).

The applicable legal standard is *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). The McDonnell Douglas approach directs a Plaintiff to establish a prima facie case of retaliation. A prima facie case under Section 704(a) and *McDonnell Douglas,* first requires the Plaintiff to produce proof suggestive of retaliation: (1) statutorily protected participation in Title VII processes; (2) employer knowledge of activities; (3) adverse employment action; and (4) a causal connection between (1) and (3). The burden then shifts to the defendant to prove a nondiscriminatory legitimate reason for the employment action. To prevail, the Plaintiff must show the proffered justification to be a pretext for the actual discriminatory motive. *See, Womack v. Munson,* 619 F.2d 1292, 1296 (8th Cir.1980).

In the case at bar, the Plaintiff filed a charge with the EEOC in July, 1982; the Defendant became aware of these charges soon thereafter; and the transfer occurred six months later. On these facts, the element of "causal connection" between the exercise of protected rights and the "adverse employment action" is difficult to satisfy. There may be a case in which delayed employer retaliation occurs, but there is not a strong likelihood that the Plaintiff will succeed on her claim. *See, Heymann v. Tetra Plastics Corp.,* 640 F.2d 115, 124 (8th Cir.1981) [No retaliation found where plaintiff transfer "was made to mollify her."]; *Shaw v. Baldwin,* 7 F.E.P. 420, 424 (D.D.C.1974) [No retaliation found where the plaintiff was transferred to remove her from tense situation, no loss in grade or seniority].

There is no need to address the factors of "public interest" or "harm to defendant and other interested parties" since this Court finds that the Plaintiff has failed to sustain her primary burden, to make a strong showing of either: (a) irreparable harm with a grave question presented, or (b) likelihood of success on the merits of the underlying claim.

## CONCLUSIONS OF LAW

1. The Defendant was an "employer" as defined by Section 701(b) of Title VII, 42 U.S.C. § 2000e(b) at all times pertinent to this action and is thereby subject to suit under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*

2. This Court has jurisdiction to rule upon the Plaintiff's motion for a preliminary injunction in this retaliation action instituted by a private litigant, although there has been no exhaustion of the usual conciliation procedures.

3. The Plaintiff has failed to demonstrate her entitlement to preliminary injunctive relief under *Blackwelder, supra.* There is inadequate proof of both irreparable harm and the likelihood of success on the merits of the underlying claim for retaliation.

4. This Court has no jurisdiction over this matter following denial of the preliminary injunctive relief sought, since the Plaintiff does not expect the issuance of the "right-to-sue" letter for several months. Therefore, the case must be dismissed without prejudice to the Plaintiff to file after exhaustion of her administrative remedies.

IT IS, THEREFORE, ORDERED that:

(1) The Plaintiff's motion for a preliminary injunction is DENIED,

(2) The Plaintiff's complaint in the above-captioned matter is dismissed without prejudice.

(3) Each party to pay its own costs, including attorneys' fees.