Joseph IRIZARRY, Plaintiff,

v.

NEW YORK CITY HOUSING AUTHORI-
TY, Joseph J. Christian, individually
and as Chairman of the New York City
Housing Authority, John Simon, indi-
vidually and as General Manager of the
New York City Housing Authority, New
York City Housing Authority Police
Department, and Hamilton Robinson,
individually and as Chief of the New
York City Housing Authority Police,
Defendants.

No. 83 Civ. 5626 (RLC).

United States District Court,
S.D. New York.

Nov. 8, 1983.

Jack John Olivero, Robert L. Becker,
Puerto Rican Legal Defense & Education
Fund, Inc., New York City, for plaintiff.

Leboeuf, Lamb, Leiby & Macrae and
Charles E. Williams III, Gen. Counsel, N.Y.
City Housing Authority, New York City,
for defendants; Jacob Friedlander, Law-
rence W. Pollack, Abigail T. Reardon and
Cherie A. Gaines, Deputy Gen. Counsel,
New York City, of counsel.

OPINION

ROBERT L. CARTER, District Judge.

Joseph Irizarry brought this action to
challenge the failure of the New York City
Housing Authority Police Department to
promote him to the rank of Inspector when
that position became vacant in June, 1983.
The four count complaint alleges that de-
fendants (1) discriminated against plaintiff
because of his Puerto Rican ancestry,
thereby denying him his right to equal em-
ployment opportunity, in violation of Title
VII of the Civil Rights Act of 1964 ("Title

VII"), 42 U.S.C. § 2000e–2(a)(1); (2) discriminated against plaintiff because of his Puerto Rican ancestry, thereby denying him his right to make and enforce contracts in violation of the Civil Rights Act of 1866, 42 U.S.C. § 1981; (3) discriminated against plaintiff because he prosecuted a previous lawsuit alleging discrimination, thereby denying him his right to be free from retaliation for opposing unfair employment practices, in violation of Title VII, 42 U.S.C. § 2000e–3(a); and (4) violated the terms of the stipulation of settlement in the previous lawsuit, which required "that plaintiff ... be given first consideration for promotion to Inspector when that position became vacant...." Complaint ¶ 16.

■ Defendants have moved under F.R. Civ.P. 12(b)(1) for an order dismissing the first and third claims for relief, which state causes of action under Title VII, on the ground that plaintiff has failed to exhaust his administrative remedies before the Equal Employment Opportunity Commission ("EEOC" or "Commission") and that the Court, therefore, lacks subject matter jurisdiction over those claims. It is uncontroverted that a District Court lacks jurisdiction to adjudicate the merits of a Title VII case brought by a private plaintiff unless the EEOC has first issued a "right to sue" letter notifying the plaintiff of the Commission's failure to institute suit within 180 days of the filing of a charge of discrimination, or of its dismissal of that charge. 42 U.S.C. § 2000e–5(f)(1); *Alexander v. Gardner-Denver Co.,* 415 U.S. 36, 47, 94 S.Ct. 1011, 1019, 39 L.Ed.2d 147 (1974). Plaintiff acknowledges that he brought this action only 20 days after filing a charge with the EEOC and that the Commission has not yet issued him a right to sue letter.

■ While the Court lacks authority to adjudicate a Title VII claim *on the merits* before the plaintiff has exhausted his administrative remedies, it may under the "appropriate circumstances," assume jurisdiction for the limited purpose of awarding preliminary injunctive relief to maintain the status quo pending administrative disposition of the charge of discrimination. *Sheehan v. Purolator Courier Corp.,* 676 F.2d 877, 881 (2d Cir.1981). Plaintiff argues that as he seeks only such preliminary relief at this point, dismissal of his Title VII claims is unwarranted. Defendants concede that under *Sheehan* preliminary relief may sometimes be available to a plaintiff who has not received a right to sue letter, but deny that the facts of this case bring it within the *Sheehan* exception to the statutory rule. The narrow question thus presented by this motion is whether the Court has jurisdiction, under the doctrine first announced by the Second Circuit in *Sheehan,* to entertain plaintiff's application for preliminary injunctive relief.

It is defendants' contention that preliminary relief is available to a plaintiff without a right to sue letter only to restrain the defendant from retaliating against the plaintiff for filing a charge with the EEOC (or an analogous state agency). In *Sheehan,* the plaintiff filed a gender-based discrimination charge with the EEOC. Immediately thereafter, she alleged, defendant began subjecting her to "unprofessional, demeaning and abusive treatment...." 676 F.2d at 879. The Second Circuit held that,

> [W]here a person has filed a Title VII charge with the EEOC, the court has jurisdiction to entertain a motion for temporary injunctive relief against employer retaliation while the charge is pending before the EEOC and before the EEOC has issued a right to sue letter.

676 F.2d at 887.

The two reported cases in this Circuit, decided after *Sheehan,* that have held that a District Court had jurisdiction to grant preliminary relief prior to exhaustion also involved charges of employer retaliation subsequent to the filing of a discrimination charge with the appropriate agency. In *Aguilar v. Baine Service Systems, Inc.,* 538 F.Supp. 581 (S.D.N.Y.1982) (Duffy, J.), plaintiffs were suspended by their employer approximately one month after filing charges of discrimination with the New York State Division of Human Rights. In

*Holt v. Continental Group, Inc.*, 708 F.2d 87 (2d Cir.1982), plaintiff was discharged shortly after filing a sex and race discrimination charge with the Connecticut Commission on Human Rights and Opportunities. The majority of cases from other jurisdictions appear to fit this pattern as well. *See, e.g., Drew v. Liberty Mutual Life Insurance Co.*, 480 F.2d 69 (5th Cir. 1973), *cert. denied*, 417 U.S. 935, 94 S.Ct. 2650, 41 L.Ed.2d 239 ·(1974); *Guerrero v. Reeves Brothers, Inc.*, 562 F.Supp. 603 (W.D.N.C.1983); *Cassidy v. Virginia Carolina Veneer Corp.*, 538 F.Supp. 651 (W.D. Va.1982).

In this case, plaintiff has not alleged that defendant retaliated against him subsequent to his filing of the discrimination charge with the EEOC. Plaintiff holds· the same position, with the same salary and benefits, as he did prior to his complaint to the Commission. Rather, plaintiff contends that defendants promoted a less qualified candidate to the Inspector's position, in part, in retaliation for a previous discrimination suit plaintiff filed against the New York City Housing Authority. That suit was settled approximately six months before the Inspector's job became vacant. Defendants maintain that since plaintiff is not alleging any retaliation based upon, and subsequent to, the filing of the presently pending charge of discrimination with the EEOC, this case falls outside the class of cases in which *Sheehan* authorizes preliminary relief prior to exhaustion.

Although the holding in *Sheehan* was limited to cases of employer retaliation, the decision rests on the more general principle that "Congress intended the federal courts to have resort to all of their traditional equity powers, direct and incidental, in aid of the enforcement of the Title." 676 F.2d at 885. Courts may use those equitable powers to prevent the technical requirements of Title VII from becoming an impediment to the realization of the substantive goals of that statute, as they would were a plaintiff faced with irreparable harm to be left without a remedy during the pendency of the administrative proceeding. *Aguilar v. Baine Service Systems,*

*Inc., supra,* 538 F.Supp. at 584. Several Courts that have addressed the problem have indicated that a preliminary injunction to maintain the status quo is available prior to exhaustion to a plaintiff faced with irreparable harm regardless of whether it is retaliation, or some other Title VII violation, that threatens the harm. In *Berg v. Richmond Unified School District*, 528 F.2d 1208 (9th Cir.1975), *vacated on other grounds*, 434 U.S. 158, 98 S.Ct. 623, 54 L.Ed.2d 375 (1977), for example, a case relied upon by the *Sheehan* Court, the 9th Circuit held that jurisdiction existed to award preliminary relief to a school teacher faced with discharge under a School District policy applicable only to pregnant teachers. The charge was gender based discrimination and no issue of retaliation was raised. The Court stated that:

> In a limited class of cases such as this one, in which there exists both a high probability of the claimant's ultimate success on the merits and the threat of irreparable injury of the sort which the Act seeks to avoid, a Title VII claimant may personally bring suit to maintain the status quo pending disposition by the EEOC of the underlying charge of discrimination.

528 F.2d at 1211. See also, *McNail v. Amalgamated Meat Cutters and Butcher Workmen of North America, AFL–CIO*, 549 F.2d 538 (8th Cir.1977) (jurisdiction existed prior to exhaustion to grant preliminary injunction because "requisite immediate and irreparable injury" alleged in suit challenging union rule for discriminating against women); *Developments in the Law-Employment Discrimination and Title VII of the Civil Rights Act of 1964*, 84 Harv.L.Rev. 1109, 1257 (1971) (arguing that preliminary relief prior to exhaustion may be essential to preserving Court's ability to grant meaningful relief).

■ Thus, it does not appear to the Court that preliminary relief is available only to plaintiffs alleging retaliation as the source of the irreparable harm they will suffer prior to receiving a right to sue letter. Even to the extent that the *Shee-*

*han* Court was particularly concerned with the dangers posed by unimpeded employer retaliation (e.g. dangers such as the chilling effect on other potential Title VII complainants), however, nothing in that case, or similar cases in other Courts, indicates that preliminary relief is not available to a plaintiff faced with employer retaliation based on a previously filed discrimination suit. The *Sheehan* exception to the exhaustion requirement applies with equal force whether the plaintiff alleges retaliation for an earlier lawsuit, or for a currently pending charge of discrimination. *See Hochstadt v. Worcester Foundation for Experimental Biology, Inc.*, 425 F.Supp. 318 (D.Mass.1976) (jurisdiction existed prior to exhaustion to restrain discharge allegedly in retaliation for previously settled Title VII suit), *aff'd*, 545 F.2d 222 (1st Cir.1976).

The Court finds that it has jurisdiction over plaintiff's Title VII claims for the purpose of entertaining an application for a preliminary injunction. In so holding, the Court expresses no opinion as to the merits of plaintiff's request for preliminary relief.

Defendants' motion to dismiss the first and third claims for relief is denied.

IT IS SO ORDERED.