**Walter KIRKLAND (Commissioner of Police), Plaintiff,**

**v.**

**Former Mayor F. BIANCO, City of Peekskill, and his predecessors, individually and in their official capacities, et al., Defendants.**

**No. 83 Civ. 6754(MEL).**

United States District Court, S.D. New York.

Oct. 9, 1984.

Joseph Scott, Peekskill, N.Y., for plaintiff.

Rains & Pogrebin, Mineola, N.Y., for defendants; Bruce R. Millman, Joel H. Golovensky, Joann M. Calderone, Mineola, N.Y., of counsel.

LASKER, District Judge.

Walter Kirkland, Commissioner of Police for the City of Peekskill, has brought this civil rights suit pursuant to 42 U.S.C. §§ 1983 and 2000e (1982), claiming racial discrimination against him by the City of Peekskill and present and former city officials. Defendants move to dismiss, *inter alia*, (1) under Fed.R.Civ.P. 9(c) for failure to meet conditions precedent to suit under 42 U.S.C. § 2000e (1982) and (2) under Fed. R.Civ.Pr. 12(b)(6) for failure to state a cause of action under 42 U.S.C. §§ 1983 and 2000e (1982). The motion is granted.

## I.

In November 1976, Kirkland, a black man, was hired by the defendant City of Peekskill as Deputy Police Administrator for Crime Prevention and Community Relations. The amended complaint alleges the following acts by defendants: (1) at the time Kirkland was hired the City allegedly promised him an annual starting salary of $20,000, but only paid him $18,100 after he accepted the position; (2) he was required to live within the city limits before being employed, although he contends that no other city officials had been required to do so, (3) that at no time was he offered financial assistance with his moving expenses, (4) since being appointed Commissioner of Police in September of 1978 the City has failed to increase his salary as required under General Municipal Law § 207–m (McKinney Supp.1983), and finally, (5) the amended complaint summarily alleges that defendants have discriminated against him throughout his tenure as Commissioner.

In September 1983 Kirkland commenced this action, claiming numerous violations of his civil rights. Defendants then moved to dismiss. In response to defendants' motion, Kirkland withdrew all but two of his

civil rights claims: (1) that the defendants discriminated against him in the consideration and terms of his employment in violation of Title VII, 42 U.S.C. § 2000e et seq. (1982), and, (2) that the defendants, acting under color of state law as city officials, also violated his civil rights under 42 U.S.C. § 1983 (1982).

## II.

■ Defendants move to dismiss Kirkland's Title VII claim on the ground that he has failed to exhaust his administrative remedies.[1] Before bringing a Title VII suit a complainant must file a charge with the Equal Employment Opportunity Commission (EEOC) and a designated state deferral agency and must receive the Commission's statutory notice of the right to sue. *See* 42 U.S.C. §§ 2000e–5(b), (c), (e), and (f) (1982). *Sheehan v. Purolator Courier Corp.*, 676 F.2d 877, 881 (2d Cir.1981). In addition, Federal Rule of Civil Procedure 9(c) requires that all conditions precedent to suit which have been performed or have occurred be averred in the complaint, or alternatively, that a denial of performance or occurrence of conditions precedent be made specifically and with particularity. Kirkland's amended complaint contains no allegations of performance or non-performance of the conditions precedent to a Title VII suit.

■ Section 2000e–5(c) provides that where State or local law prohibits the unlawful employment practice and creates an agency having authority to grant relief from such practice, a discrimination charge cannot be filed with the EEOC until sixty days after proceedings have been commenced under the State or local law. 42 U.S.C. § 2000e–5(c) (1982). Section 2000e– 5(f)(1) prohibits a private person from litigating a discrimination charge until the

---

1. The only relief available prior to exhaustion is an injunction pending state administrative proceedings. *Sheehan v. Purolator Courier Corp.*, 676 F.2d 877, 881 (2d Cir.1981). While Kirkland does mention injunctive relief in the first paragraph of his amended complaint, he does not state what act or acts he seeks to restrain.

On the basis of the facts shown in his amended complaint, Kirkland does not make the requisite showing of any immediate or irreparable injury or damage that would warrant a preliminary injunction. *See Holt v. Continental Group, Inc.*, 708 F.2d 87, 90 (2d Cir.1983).

EEOC either has dismissed the charge or has had at least 180 days to obtain voluntary compliance. 42 U.S.C. §§ 2000e–5(f) (1982). Under New York law, Kirkland was obliged to file a charge first with the State Division of Human Rights and then with the EEOC before bringing this suit. In fact, Kirkland did not file a charge of discrimination with the EEOC until January 1984, more than three months after initiating this lawsuit. Such late filing does not meet the requirements of law.[2]

Since Kirkland has not met the statutory exhaustion prerequisites under 42 U.S.C. § 2000e (1982), nor complied with the pleading requirements for conditions precedent of Federal Rule of Civil Procedure 9(c), defendants' motion to dismiss plaintiff's Title VII claim is granted.

### III.

Defendants also move to dismiss Kirkland's section 1983 claim on the ground that it fails to state claims upon which relief can be granted against them. Kirkland answers that he has adequately pleaded a claim under 42 U.S.C. § 1983 (1982) based on the factual allegations in his amended complaint and the reasonable inferences to be drawn therefrom.

Defendants argue that the allegations of the amended complaint are insufficient to state claims for relief against them because they merely allege certain non-discriminatory acts performed by the various defendants. They point out that former Mayor Bianco is not named once in the body of the amended complaint; defendant Walsh is named only once in paragraph 23 as merely having been questioned by Kirkland about his salary; defendants Creem and Miller are named in paragraph 57 for simply having been present at an employee disciplinary hearing, and again in paragraph 58 concerning statements they allegedly made about their future conduct if elected to the Common Council; defendants Torpy and Florence, the former and present Corporation Counsels, are named once in paragraph 34 for merely having professed ignorance about a state law.

Defendants contend that Kirkland's amended complaint lacks the specificity necessary to hold any particular defendant liable for any claimed violation. In *Morabito v. Blum*, 528 F.Supp. 252 (S.D.N.Y. 1981), the defendant Krauskopf was specifically named only in the caption and in paragraph 82 of the 43 page complaint where he was identified as the Commissioner of the New York Department of Social Services. The plaintiffs in *Morabito* made no allegations whatsoever that defendant Krauskopf had either acted or omitted to act in any particular fashion. *Id.* at 262. The *Morabito* court dismissed the complaint stating, "... the complaint provides no basis for anyone to ascertain why plaintiffs think that Krauskopf has violated the law in some manner or acted in some fashion so as to injure plaintiff ... where the complaint names a defendant in the caption but contains no allegations indicating how the defendant violated the law or injured the plaintiff, a motion to dismiss should be granted." *See id.* at 262, *citing Gutierrez v. Vergari*, 499 F.Supp. 1040, 1052 (S.D.N.Y.1980); *Holloway v. Carey*, 482 F.Supp. 551, 553 (S.D.N.Y.1979); *Child v. Beame*, 417 F.Supp. 1023, 1025 (S.D.N.Y.1976). In this case, as in *Morabito*, the defendants are named in the caption, but the amended complaint provides no basis to ascertain how defendants have violated the law in

---

**2.** Kirkland contends that the doctrine of equitable estoppel should apply to the Title VII filing requirements in this case. He relies on *Zipes v. Trans World Airlines*, 455 U.S. 385, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982), a class action suit in which some of the plaintiffs failed to file charges with the EEOC within 90 days of the alleged unlawful employment practice. The Supreme Court in *Zipes* held, "that filing a timely charge of discrimination with the EEOC is not a 'jurisdictional prerequisite' to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling." *Id.* at 393, 102 S.Ct. at 1132. Although equitable estoppel may be appropriate in cases such as *Zipes*, it does not apply here because Kirkland failed completely either to file a charge of discrimination with the EEOC and State Division of Human Rights before filing suit, or to allege with specificity and particularity in his amended complaint his reasons for not doing so.

some manner or acted in some fashion so as to injure Kirkland.

▪ Moreover, Kirkland's claim is insubstantial on its face because it does not allege how his civil rights were violated. Complaints relying on the civil rights statutes are plainly insufficient unless they contain some specific allegations of fact indicating a deprivation of civil rights. Conclusory pleading is insufficient. *Koch v. Yunich*, 533 F.2d 80, 85 (2d Cir.1976). Kirkland argues that the defendants ridiculed, humiliated and embarrassed him, and that they continue to maintain a policy, custom and practice of discriminating against him. Nowhere, however, does the amended complaint show that he received discriminatory treatment on account of his race. Since Kirkland's amended complaint does not allege with sufficient specifity that his civil rights were violated by the defendants, the defendants' motion to dismiss is granted without prejudice.

The defendants' motion to dismiss is granted.

The amended complaint is dismissed without prejudice.

It is so ordered.