Apryl HLADKI, Plaintiff,

v.

JEFFREY'S CONSOLIDATED, LTD., and Frank Rabinowitz, Defendants.

No. 86 Civ. 2721.

United States District Court, E.D. New York.

Jan. 21, 1987.

Lecci, Wolin & Wolin, Hicksville, N.Y., for plaintiff.

Levy, Bivona & Cohen, P.C., New York City, Pearl & Chaiet, P.C., Jericho, N.Y., for defendants.

## MEMORANDUM AND ORDER

GLASSER, District Judge:

Plaintiff, Apryl Hladki, commenced this action against defendants Jeffrey's Consolidated, Ltd. and Frank Rabinowitz, alleging sex discrimination in employment in violation of her rights under the first and fourteenth amendments to the United States Constitution and under 42 U.S.C. § 2000e *et seq.* and New York Executive Law § 296. Plaintiff seeks a permanent injunction, declaratory judgment and monetary damages.

Defendant Jeffrey's Consolidated, Ltd.[1] moves to dismiss this action pursuant to rule 9(c) of the Federal Rules of Civil Procedure for failure to plead or aver compliance with various conditions precedent, pursuant to rule 12(b)(1) of the Federal

---

1. Defendant Frank Rabinowitz has neither answered plaintiff's complaint nor otherwise appeared in this action.

Rules of Civil Procedure for lack of subject matter jurisdiction, and pursuant to rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim under the first and fourteenth amendments to the United States Constitution. Defendant moves for summary judgment on plaintiff's state law claims. Defendant also moves, pursuant to rule 12(c) of the Federal Rules of Civil Procedure, for an order striking plaintiff's demand for a jury trial and her demand for compensatory and punitive damages. For the reasons set forth below, defendant's motions are granted in part and this action is dismissed without prejudice.

*Facts and Allegations*

In her complaint, the allegations of which must be taken as true for purposes of this motion, plaintiff states that she was hired as an assistant buyer by the defendants on December 1, 1984 and was assigned by them to a 30-day training program. At the time she was hired, defendants represented to her that she would be employed by them as a buyer upon completion of the training program. Defendants terminated her employment on December 28, 1984, prior to the completion of the training program, stating that she was overqualified. On December 28, defendant Rabinowitz told her that overqualification was not the real reason for her termination. Rather, according to plaintiff, defendant Rabinowitz stated that because plaintiff would not accept a date with him and because his intentions toward her were not those of an employer, he had to terminate her employment. Furthermore, during the course of this conversation, defendant Rabinowitz moved close to plaintiff and placed his arms around her. Plaintiff alleges other misconduct of a similar nature.

A reading of the defendant's papers in support of its motions and of plaintiff's papers in opposition reflects the following assertions. On February 20, 1985, plaintiff filed an administrative complaint with the New York State Division of Human Rights alleging employment discrimination based on sex in violation of the Human Rights Law (Article 15) of the State of New York, N.Y. Exec. Law § 296 (McKinney 1982 & Supp. 1987),[2] and of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* (1982).[3] On April 29, 1985, the New York State Division of Human Rights filed a copy of plaintiff's complaint with the United States Equal Employment Opportunity Commission ("EEOC"). On November 4, 1985, more than 180 days after her administrative complaint had been filed and with no determination yet rendered by the New York State Division of Human Rights or EEOC, plaintiff's attorney wrote a letter to the New York State Division requesting that plaintiff's complaint be dismissed because of "administrative convenience" pursuant to N.Y. Exec.Law § 297 so that plaintiff could pursue her judicial remedies.[4]

Plaintiff's attorney then received a copy of a document dated December 13, 1985 and signed by the Regional Director of the

**2.** Section 296 of the New York Executive Law provides in pertinent part
 1. It shall be an unlawful discriminatory practice:
 (a) For an employer ..., because of the ... sex ... of any individual, ... to discharge from employment such individual....
 N.Y.Exec.Law § 296(1)(a) (McKinney 1982).

**3.** The relevant provision of Title VII provides that:
 (a) It shall be an unlawful employment practice for an employer—
 (1) ... to discharge any individual, ... because of such individual's ... sex....
 42 U.S.C. § 2000e–2(a)(1)(1982).

**4.** The relevant portion of § 297 provides that

 9. Any person claiming to be aggrieved by an unlawful discriminatory practice shall have a cause of action in any court of appropriate jurisdiction for damages and such other remedies as may be appropriate, unless such person had filed a complaint hereunder or with any local commission on human rights, or with the superintendent pursuant to the provisions of section two hundred ninety-six-a of this chapter, provided that, *where the division has dismissed such complaint on the grounds of administrative convenience, such person shall maintain all rights to bring suit* as if no complaint had been filed....
 N.Y.Exec.Law § 297(9) (McKinney 1982) (emphasis added).

Division. This document was addressed to the Deputy Commissioner for Operations of the Division and indicated that plaintiff had requested dismissal of her complaint because of administrative convenience so that she could pursue judicial remedies. On April 3, 1986, plaintiff signed a pre-printed form sent by the New York State Division authorizing withdrawal of her state and federal charges; she stated on the form that her reason for withdrawing the charges was "to pursue my judicial remedies." On April 18, 1986, the Regional Director of the New York State Division issued an Order of Withdrawal. Plaintiff's attorney alleges that during this time, he was in communication with the Regional Director and the Deputy Commissioner for Operations who "indicated that the said forms were utilized for administrative convenience withdrawals." Plaintiff's Memorandum in Opposition to Defendants' Motion to Dismiss at 5–6.

Plaintiff subsequently commenced this action on August 14, 1986. The pending motions were argued on October 31, 1986.

*Analysis*

A. *Title VII Claim*

The threshold issue is whether this court has subject matter jurisdiction over this action.

The relevant portion of Title VII provides that:

> If a charge filed with the Commission ... is dismissed by the Commission, or if within one hundred and eighty days from the filing of such charge ..., the Commission has not filed a civil action under this section ..., or the Commission has not entered into a conciliation agreement to which the person aggrieved is a party, the Commission ... *shall so notify the person aggrieved* and within ninety days

after the giving of such notice a civil action may be brought against the respondent named in the charge ... by the person claiming to be aggrieved....

42 U.S.C. § 2000e–5(f)(1)(1982) (emphasis added).

Defendant argues that the statutorily required notification by EEOC, known as a "right to sue letter," is a jurisdictional prerequisite to bringing a Title VII action in federal court. In support of its argument, defendant relies on a number of cases, including *Sheehan v. Purolator Courier Corp.*, 676 F.2d 877 (2d Cir.1981). In *Sheehan*, the Second Circuit stated that "it is undisputed that a right to sue letter is a *jurisdictional* prerequisite to a suit seeking adjudication of the merits of a complainant's Title VII claim." *Id.* at 881 (emphasis added) (citing *Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 47, 94 S.Ct. 1011, 1019, 39 L.Ed.2d 147 (1974); *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 798, 93 S.Ct. 1817, 1822, 36 L.Ed.2d 668 (1973)).

Since *Sheehan*, the Second Circuit has not directly addressed the issue of whether a right to sue letter is a jurisdictional prerequisite to bringing a Title VII claim in federal court.[5] Subsequent to *Sheehan*, however, the Supreme Court held in *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393, 102 S.Ct. 1127, 1132, 71 L.Ed.2d 234 (1982) (footnote omitted), that

> filing a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling. The structure of Title VII, the congressional policy underlying it, and the reasoning of our cases all lead to this conclusion.

---

**5.** In *Holt v. Continental Group, Inc.*, 708 F.2d 87, 89 & n. 1 (2d Cir.1983), *cert. denied*, 465 U.S. 1030, 104 S.Ct. 1294, 79 L.Ed.2d 695 (1984), the court noted that "[t]o the extent that the plaintiff's claim is based on Title VII, she is obliged to exhaust state administrative remedies...." Relying on *Sheehan*, the court noted that prior to exhaustion, the only relief available to a Title VII claimant is an injunction pending state administrative proceedings. If a preliminary injunction is denied, the claimant must exhaust state administrative remedies and then obtain a right to sue letter from EEOC. It should be noted, however, that in *Holt*, the Second Circuit did not describe the right to sue letter as a *jurisdictional* requirement. *See also* note 7 *infra.*

This court finds persuasive those decisions from other circuits that have concluded that in light of *Zipes,* a right to sue letter, like the filing requirements, is no longer considered a *jurisdictional* prerequisite to federal suit but is, instead, a statutory prerequisite analogous to a statute of limitations and subject to equitable modification by a district court when appropriate. *See, e.g., Gooding v. Warner-Lambert Co.,* 744 F.2d 354 (3d Cir.1984); *Fouche v. Jekyll Island—State Park Auth.,* 713 F.2d 1518 (11th Cir.1983);[6] *Pinkard v. Pullman-Standard,* 678 F.2d 1211 (5th Cir. Unit B 1982), *reh'g en banc denied,* 685 F.2d 1383, *cert. denied,* 459 U.S. 1105, 103 S.Ct. 729, 74 L.Ed.2d 954 (1983).[7] While the court in *Zipes* dealt only with the filing of timely EEOC charges under Title VII,

the reasoning in finding that such filing requirements are not jurisdictional seems to apply with equal force to the notification requirements of Title VII.[8] This court thus concludes that receipt of a right to sue letter is not a *jurisdictional* prerequisite to bringing a Title VII claim[9] and therefore denies defendant's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1).[10] However, receipt of a right to sue letter is a *statutory* prerequisite—that is, a condition precedent—and is subject to waiver, estoppel, or tolling only upon a showing by plaintiff of a sufficient reason for such equitable modification. *See, e.g., Fouche,* 713 F.2d at 1524–26; *Kirkland v. Bianco,* 595 F.Supp. 797, 798–99 & n. 2 (S.D.N.Y.1984).

6. The court in *Fouche* cited a number of cases including *Pinkard,* 713 F.2d at 1524–25. In its discussion of *Pinkard,* the court noted that it had accepted as binding precedent the post-September 30, 1981 decisions of the Unit B panel of the former Fifth Circuit. *Id.* at 1524 n. 8 (citations omitted).

7. The Second Circuit in *Snell v. Suffolk County,* 782 F.2d 1094, 1100–02 (2d Cir.1986), also recently addressed the procedural requirements of Title VII, but that case involved a class action and is not directly relevant to the issue before this court. In *Snell,* the Second Circuit found that a district court had properly waived the Title VII filing requirements for those members of the class who had neither filed charges with nor received right to sue letters from EEOC. Relying in part on *Zipes v. Trans World Airlines,* 455 U.S. 385, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982), the court found, *inter alia,* that the principles underlying the filing requirements of Title VII—that is, prompt notice of the complaint to the employer and an opportunity for conciliation—had been satisfied because other members of the class had filed charges based on similar discriminatory incidents.

8. Indeed, at least one court has concluded that in light of *Zipes* and a subsequent opinion by the Eleventh Circuit construing *Zipes* and other relevant cases, *"all* Title VII procedural requirements to suit are henceforth to be viewed as conditions precedent to suit rather than as jurisdictional requirements." *Fouche,* 713 F.2d at 1525 (emphasis added).

9. In addition to *Sheehan,* defendant relies on a number of cases from the Southern District of New York to support its argument that this court has no subject matter jurisdiction unless

plaintiff has received a right to sue letter. This court does not find these cases persuasive. Two were decided before *Zipes. See Carter v. Delta Airlines, Inc.,* 441 F.Supp. 808 (S.D.N.Y.1977); *Savage v. Kibbee,* 405 F.Supp. 307 (S.D.N.Y. 1975). In *Irizarry v. New York City Hous. Auth.,* 575 F.Supp. 571 (S.D.N.Y.1983), the court did not consider the impact of *Zipes* on Title VII procedural requirements and instead relied on an older Supreme Court case in concluding that "[i]t is uncontroverted that a District Court lacks jurisdiction to adjudicate the merits of a Title VII case brought by a private plaintiff unless the EEOC has first issued a 'right to sue' letter notifying the plaintiff of the Commission's failure to institute suit within 180 days of the filing of a charge of discrimination, or of its dismissal of that charge." *Id.* at 572 (relying on *Alexander v. Gardner-Denver Co.,* 415 U.S. 36, 94 S.Ct. 1011, 39 L.Ed.2d 147 (1974)). Finally, in *Kirkland v. Bianco,* 595 F.Supp. 797 (S.D.N.Y.1984), the court did not describe the procedural requirements of Title VII as jurisdictional; rather the court described them as "statutory exhaustion requirements." *Id.* at 799. Furthermore, the court in *Kirkland* acknowledged that in certain cases, although not the case before it, equitable estoppel might be appropriate under the holding of *Zipes. Id.* at n. 2.

10. Although the defendant framed its motions as predicated on rule 12(b)(1) of the Federal Rules of Civil Procedure, this court will treat defendant's motion to dismiss as a motion pursuant to rule 12(b)(6). Since there was no question about the gravamen of defendant's motions—that plaintiff could not pursue remedies in federal court in the absence of a right to sue letter—plaintiff will not be prejudiced by the court's treatment of the motion as predicated in part on rule 12(b)(6).

Defendant argues that plaintiff's complaint should be dismissed pursuant to rule 9(c) of the Federal Rules of Civil Procedure for failure to aver "that all conditions precedent have been performed or have occurred." Fed.R.Civ.P. 9(c). A review of plaintiff's papers reveals no showing that plaintiff has received a right to sue letter nor any indication that plaintiff has attempted to obtain a right to sue letter since this action was commenced.[11]

 Furthermore, plaintiff has not set forth any reasons that would justify an equitable modification of the statutory requirement by this court. A review of several relevant cases has revealed that the following situations may lead to equitable modification of the procedural requirements of Title VII: (1) when a claimant has received inadequate notice; (2) when a motion for appointment of counsel is pending; (3) when a court has led a plaintiff to believe that he or she has done everything required; (4) when affirmative misconduct by a defendant has lulled a plaintiff into inaction, *Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 150–51, 104 S.Ct. 1723, 1725, 80 L.Ed.2d 196 (1984) (per curiam) (finding that Title VII's 90–day limitations period for commencing action in court was not tolled by filing of right to sue letter instead of complaint); (5) when a "plaintiff has in some extraordinary way been prevented from asserting his rights"; (6) when a plaintiff "has raised the precise statutory claim in issue but has mistakenly done so in the wrong forum," *Smith v. American President Lines, Ltd.*, 571 F.2d 102, 109 (2d Cir.1978) (relying on *Electrical Workers v. Robbins & Myers, Inc.*, 429 U.S. 229, 97 S.Ct. 441, 50 L.Ed.2d 427 (1976), for instances in which tolling of time limits under Title VII would be appropriate); (7) when a right to sue letter has been received subsequent to commencement of a Title VII action and while the action is still pending, *Pinkard*, 678 F.2d at 1219;[12] *see also People v. Holiday Inns*, 35 Fair Empl.Prac.Cas. (BNA) 1308, 1311 (W.D.N.Y. Aug. 29, 1984); or (8) when the EEOC or Attorney General has incorrectly refused to issue a right to sue letter, *Fouche*, 713 F.2d at 1526.

 Plaintiff has not alleged that she is entitled to equitable modification based on any of the foregoing instances or their equivalents. Rather, plaintiff has acknowledged that she has not received a right to sue letter and has asked this court either to waive the requirement because it is unnecessary or to stay this action pending receipt of the letter.[13] This court concludes

---

**11.** Rule 9(c) states that "it is sufficient to aver *generally* [in a pleading] that all conditions precedent have been performed or have occurred." Fed.R.Civ.P. 9(c) (emphasis added). The rule goes on to state that "[a] denial of performance or occurrence shall be made specifically and with particularity." *Id.* Plaintiff did not aver in her complaint that all conditions precedent have been performed. Defendant, in its motion papers, specifically denied performance. Plaintiff responded by alleging that "she has complied with all necessary pre-requisites to the maintenance of … her federal … claims." Plaintiff's Memorandum in Opposition to Defendants' Motion to Dismiss at 3. However, later in her response, plaintiff admitted that she had not obtained the right to sue letter. *Id.* at 7. Plaintiff has clearly not met her burden of proving that she has satisfied the conditions precedent to a Title VII suit. *See Jackson v. Seaboard Coast Line R.R. Co.*, 678 F.2d 992, 1010 (11th Cir.1982); *Kirkland*, 595 F.Supp. at 798–99 & n. 2.

**12.** The court in *Pinkard* expressly noted, however, that "a prematurely filed suit is subject to dismissal upon proper motion at any time prior to the receipt of statutory notice of the right to sue." 678 F.2d at 1219 n. 6.

**13.** In *Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 104 S.Ct. 1723, 80 L.Ed.2d 196 (1984) (per curiam), the Supreme Court refused to modify the filing requirements of Title VII absent a showing of some equitable reason for so doing. *Id.* at 150–52, 104 S.Ct. at 1725–26. Furthermore, the court held that there is no basis for giving Title VII actions a special status under the Federal Rules of Civil Procedure. *Id.* at 149–50, 104 S.Ct. at 1724 (finding that rules 3 and 8(a)(2) must be complied with). Indeed, the Court concluded with the following admonition:

Procedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants. As we stated in *Mohasco Corp. v. Silver*, 447 U.S. 807, 826, 100 S.Ct. 2486, 2497, 65 L.Ed.2d 532 (1980), "in the long run, experience teaches that strict adherence to the procedural re-

that the more appropriate course is to dismiss this action without prejudice pursuant to rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to comply with the statutory requirements of Title VII and for failure to comply with the minimum pleading requirements of rule 9(c) of the Federal Rules of Civil Procedure. *See Kirkland,* 595 F.Supp. at 798–99 & n. 2.

## B. *First and Fourteenth Amendment Claims*

■ Pursuant to rule 12(b)(6) of the Federal Rules of Civil Procedure, defendant has moved to dismiss plaintiff's claims under the first and fourteenth amendments. Both amendments, however, are meant to restrain governmental, not private, action. *See, e.g., Public Utils. Comm'n v. Pollak,* 343 U.S. 451, 461, 72 S.Ct. 813, 820, 96 L.Ed. 1068 (1952) (first amendment); *Shelley v. Kraemer,* 334 U.S. 1, 13, 68 S.Ct. 836, 842, 92 L.Ed. 1161 (1948) (fourteenth amendment); *accord Blum v. Yaretsky,* 457 U.S. 991, 1002–03, 102 S.Ct. 2777, 2784–85, 73 L.Ed.2d 534 (1982). As the Supreme Court "insisted" in *Lugar v. Edmondson Oil Co.,* 457 U.S. 922, 937, 102 S.Ct. 2744, 2753, 73 L.Ed.2d 482 (1982), when reviewing a constitutional claim, "the conduct allegedly causing the deprivation of a federal right [must] be fairly attributable to the State."

Of particular relevance to this case is the Supreme Court's observation in *Rendell-Baker v. Kohn,* 457 U.S. 830, 102 S.Ct. 2764, 73 L.Ed.2d 418 (1982):

> Although Title VII and the National Labor Relations Act govern action by private parties making personnel decisions, it is fundamental that the First Amendment prohibits governmental infringement on the right of free speech. Similarly, the Fourteenth Amendment, which prohibits the states from denying federal constitutional rights and which guarantees due process, applies to acts of the states, not to acts of private persons or entities....

*Id.* at 837, 102 S.Ct. at 2769 (citations omitted).

■ Because plaintiff has failed to allege any state action in this matter, her claims must fail. Defendant's motion to dismiss these claims is granted.

---

quirements specified by the legislature is the best guarantee of evenhanded administration of the law."
*Id.* at 152, 104 S.Ct. at 1726.

While plaintiff has cited no authority to support her suggestions, this court has located some precedents that favor her position. For instance, in a few cases, stays or adjournments of the motions have been granted, but these cases are distinguishable. *See, e.g., Harding v. Federal Reserve Bank,* 707 F.2d 46 (2d Cir.1983) (not ruling on propriety of district court's action but relating in background discussion that in response to defendant's motion to dismiss for failure to obtain a right to sue letter prior to commencing suit, district court held hearing and adjourned motion for three months and directed plaintiff, who had appeared *pro se* at commencement of action, to obtain letter); *Sheehan,* 676 F.2d at 887 ("where a person has filed a Title VII charge with the EEOC, the court has jurisdiction to entertain a motion for temporary injunctive relief against *employer retaliation* while the charge is pending before the EEOC and before the EEOC has issued a right to sue letter") (emphasis added).

And, at least one court has held that *entitlement* to, without actual receipt of, a right to sue letter satisfies the "jurisdictional" requirements of 42 U.S.C. § 2000e–5(f)(1). *Perdue v. Roy Stone Transfer Corp.,* 690 F.2d 1091 (4th Cir. 1982). *Perdue* is clearly distinguishable, however. There, the defendant employer had entered a settlement agreement with the plaintiff and EEOC and subsequently refused to honor the agreement. EEOC then refused the plaintiff's request for a right to sue letter, stating that its procedures did not allow for issuance of such a letter following a negotiated settlement. The Fourth Circuit reversed the district court's ruling that it had no jurisdiction to hear the complaint. In the case before this court, there is no indication that defendants breached a settlement or that EEOC refused, either incorrectly or based on a technicality, to issue a right to sue letter. While plaintiff may indeed be "entitled" to a right to sue letter, *see* 42 U.S.C. § 2000e–5(f)(1); *Pinkard,* 678 F.2d at 1219 (because more than 180 days had elapsed since plaintiffs first filed charges with EEOC, "they had a right to obtain their statutory letters simply upon request, regardless of further administrative processing"), this court finds no valid reason for granting a stay while she obtains one. A dismissal without prejudice will protect her claim adequately and allow her to comply with the statutory requirements.

## C. State Law Claims

Because plaintiff's federal claims are dismissed without prejudice, this court declines to exercise pendent jurisdiction over plaintiff's state law claims and they will therefore be dismissed without prejudice as well.

■ The exercise of pendent jurisdiction is discretionary and requires a balancing of relevant factors. *United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). "Dismissal of the state claim is the recommended procedure if state issues predominate ..., and in cases where the federal claim is disposed of prior to trial." *Federman v. Empire Fire & Marine Ins. Co.*, 597 F.2d 798, 809 (2d Cir.1979) (citations omitted);[14] *accord Mayer v. Oil Field Sys. Corp.*, 803 F.2d 749, 757 (2d Cir.1986); *see also Ibrahim v. New York State Dep't of Health*, 581 F.Supp. 228, 234 (E.D.N.Y.1984) (stating that because plaintiff's federal retaliation claim under 42 U.S.C. § 2000e–3(a) was dismissed for failure to exhaust administrative remedies, it would be "prudent to decline to exercise pendent juridiction over the corresponding State cause of action").[15]

## D. Other Motions by Defendant

Because plaintiff's substantive claims are dismissed, it is unnecessary for this court to address defendant's other motions.

## Conclusion

Plaintiff's Title VII action is hereby dismissed without prejudice for failure to obtain a right to sue letter. For the reasons stated above, the plaintiff's additional claims are dismissed as well.

SO ORDERED.

**14.** In *Federman*, the Second Circuit noted that an applicable factor to be weighed by the district court is the likelihood of prejudice to the plaintiff due to the running of the state statute of limitations. 597 F.2d at 809. Here, there is no likelihood of prejudice because the applicable limitations period for commencing a civil action pursuant to New York's Human Rights Law is three years. *See Murphy v. American Home Prods. Corp.*, 58 N.Y.2d 293, 448 N.E.2d 86, 461 N.Y.S.2d 232 (1983).

**15.** Because pendent jurisdiction is declined on other grounds, there is no need to address the decisions of those courts that have dismissed pendent state law claims in Title VII suits based on a determination that "Congress has impliedly negated the exercise of pendent jurisdiction." *Mongeon v. Shellcraft Indus., Inc.*, 590 F.Supp. 956, 961 (D.Vt.1984). *See* 13B C. Wright, A. Miller, & E. Cooper, *Federal Practice and Procedure* § 3567.1 n. 30.1 & n. 30.2 (Supp.1986) (citing other cases).