No. 85 Civ. 4028 (RPP).

United States District Court,
S.D. New York.

Jan. 31, 1991.

---

**Yvonne Michelle MOORE, Plaintiff,**

v.

**AMERICAN TELEPHONE & TELEGRAPH COMMUNICATIONS, INC., Richard Moccia, Office Manager of Stuyvesant TSPS, Elizabeth Jane Brennan, Acting Office Manager of Stuyvesant TSPS, Marian Anderson,**

Yvonne M. Moore, Jamaica, N.Y., pro se.

Seyfarth, Shaw, Fairweather & Geraldson, New York City by Jane B. Stewart, for defendants AT & T Communications, Inc., Richard Moccia, Elizabeth Jane Brennan and Marion Anderson.

Calamari & Calamari, New York City by Andrew M. Calamari, for Telephone Traffic

Union Local 222, May E. Kliesch, Thelma Currie and Eleanor Heines.

## OPINION AND ORDER

ROBERT P. PATTERSON, Jr., District Judge.

 In an opinion and order filed December 27, 1990, the Court denied defendants' motion to dismiss, consolidated plaintiff's two pending actions into this action and deemed the complaint in action with Docket No. 85–4995 to be a second amended complaint in this action.[1] On January 10, 1991, plaintiff who is proceeding pro se in the § 1983 action submitted a motion, not yet filed, seeking leave to file a third amended complaint "so ... that plaintiff's complaint may reflect the evidence of plaintiff's civil action." No return date was set and defendants have not yet filed opposition papers.

Plaintiff's motion is denied. Rule 15 of the Federal Rules of Civil Procedure provides:

> A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served.... Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.

Since plaintiff has asserted numerous causes of action in the second amended complaint which are at least facially valid and since responsive pleadings have been filed, justice does not require amendment to the pleadings at this time.

 Plaintiff's request for equitable modification in her letter dated January 30, 1991 is denied. Equitable modification of a statutory prerequisite to suit is appropriate only when defendants have challenged plaintiff's compliance with procedural requirements by motion. *See, e.g., Hladki v. Jeffrey's Consol., Ltd.*, 652 F.Supp. 388 (E.D.N.Y.1987) (Title VII action). No such

motion by defendants is pending at this time.

IT IS SO ORDERED.

---

1. The complaint in action with Docket No. 86–4995 was originally filed June 24, 1986. The AT & T defendants and the Union defendants filed answers thereafter. The Court hereby treats those pleadings are defendants' answers to the complaint that has been deemed the second amended complaint in this action.