792 F.Supp. 59 (1992)
Lee Roy KENT, Plaintiff,
v.
DIRECTOR, MISSOURI DEPT. OF ELEMENTARY AND SECONDARY EDUCATION AND DIVISION OF VOCATIONAL REHABILITATION, Defendant.
No. 1:92CV00007SNL.
United States District Court, E.D. Missouri, Southeastern Division.
June 2, 1992.
Lee Roy Kent, pro se.
*60 Edwin H. Steinmann, Asst. Atty. Gen., Jefferson City, Mo., for defendant.

ORDER
LIMBAUGH, District Judge.
IT IS HEREBY ORDERED that the report and recommendation of United States Magistrate Judge Lewis M. Blanton is SUSTAINED, ADOPTED and INCORPORATED herein.
IT IS FURTHER ORDERED that this cause of action is DISMISSED without prejudice for failure to obtain the requisite right-to-sue letter in compliance with Title I of the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq.
IT IS FINALLY ORDERED that plaintiff's motions for a trial date and for appointment of counsel be and are DENIED as moot.

REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
BLANTON, United States Magistrate Judge.
This is an action filed under Title I of the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq. relating to alleged employment discrimination based on religious grounds. Plaintiff claims that because of his religion the defendant has failed to provide him with a service through the Division of Vocational Rehabilitation which would help him to obtain employment. The plaintiff seeks ten million dollars in damages. This case was referred to the undersigned United States Magistrate Judge for a 28 U.S.C. § 1915 frivolity review and recommendation. The defendant has filed a Motion to Dismiss the suit. The plaintiff has filed a Motion for a Trial Date.

Procedural History
Plaintiff contends that he was discriminated against by the Missouri Department of Elementary and Secondary Education ("Department") based on his religious beliefs. He argues that he was denied vocational rehabilitation because of his refusal to be examined by a psychiatrist or psychologist. Plaintiff claims that a psychological examination violates his religious beliefs.
Over the past twenty years plaintiff has filed numerous applications for Vocational Rehabilitation with the Department. Most recently, plaintiff filed applications dated August 13, 1985, July 27, 1987, and June 14, 1988. As of the end of 1988, the plaintiff had never advanced beyond the applicant status with the Department and no services other than diagnostic or evaluation had been authorized.
The plaintiff has also had several hearings before the Department. At the most recent hearing, held on September 13, 1991, the hearing officer concluded that plaintiff's refusal to be examined by a psychiatrist or psychologist did not subject him to religious discrimination. The hearing officer felt that a letter on file from the plaintiff's pastor did not indicate that the refusal of psychological examinations was a belief of the plaintiff's church, rather it was an individual belief of Mr. Kent's.
The record of plaintiff's hearing before a Department hearing officer dated August 11, 1988 contained a conclusion that the regulations pertaining to the administration of Vocational Rehabilitation had been complied with. The hearing officer allowed the case to be placed in "extended evaluation status" and recommended that Mr. Kent be permitted to choose a training program for one term to prove his aptitude.
The Circuit Court of Stoddard County, Missouri, in an order dated on April 4, 1989, held that the Department would arrange, approve and pay for room, board, tuition, and expenses for one term at Southeast Missouri State University in Cape Girardeau, Missouri on Mr. Kent's behalf. The plaintiff never completed the term at Southeast Missouri State but he did successfully complete courses at the Three Rivers Community College in Poplar Bluff, Missouri during the 1990-1991 academic year.
The plaintiff filed the instant suit on January 28, 1992.

*61 Discussion

The case is not frivolous under 28 U.S.C. § 1915. 28 U.S.C. § 1915(d) states that in a proceeding in forma pauperis the court may dismiss the case if satisfied that the action is frivolous or malicious. The United States Supreme Court has defined 28 U.S.C. § 1915(d) frivolity as a claim which lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827, 1831, 104 L.Ed.2d 338 (1989). The Neitzke Court went on to say that "§ 1915(d)'s term `frivolous,' when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." Neitzke, 490 U.S. at 325, 109 S.Ct. at 1831. 28 U.S.C. § 1915(d) thus "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke, 490 U.S. at 327, 109 S.Ct. at 1833.
In the present case, the plaintiff brings suit under Title I of the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. claiming employment discrimination based on religious grounds. Specifically, the plaintiff alleges that based on his religious beliefs, the defendant has failed to provide him with a service through the Division of Vocational Rehabilitation which would help him to obtain employment.
Under Subchapter I-Employment, the general rule on discrimination states at 42 U.S.C. § 12112(a):
No covered entity shall discriminate against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment.
In Subchapter II-Public Services, 42 U.S.C.A. § 12132 adds that:
... no qualified individual with a disability shall by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity.
42 U.S.C.A. § 12131(1) defines public entity as:
(A) any State or local government;
(B) any department, agency, special purpose district, or other instrumentality of a State or States or local government ...
The issue of medical examinations and inquiries is addressed in 42 U.S.C.A. § 12112(c), again in Subchapter I-Employment:
The prohibition against discrimination ... shall include medical examinations and inquiries.
The statute goes on to describe under what conditions a medical examination may be required. We will not discuss these since this recommendation does not deal with the merits but only with whether the claim is frivolous. Applying these sections, the plaintiff's suit is not frivolous as lacking an arguable basis either in law or in fact. The Department is clearly a public entity and despite the fact that the plaintiff was seeking vocational rehabilitation rather than actually applying for a job, it is arguable that what is considered discrimination in employment practices (Subchapter I) may well be considered discrimination by entities providing services (Subchapter II). Although the undersigned has a question about whether any possible discrimination is "religious" discrimination, if the petitioner states sufficient factual grounds to support a claim, even if not described with exactitude, the claim should not be dismissed as frivolous. Accordingly, the claim of religious discrimination in this suit should not be dismissed as frivolous under 28 U.S.C. § 1915(d) since it has an arguable basis in law or fact.
Although this matter was referred to the undersigned only for a recommendation as to frivolity, there is another issue which should be brought to the attention of the referring Judge, Judge Limbaugh. The respondent argues that the petitioner has not obtained a "right-to-sue" letter as required by 42 U.S.C. § 2000e-5(f)(1), and therefore this suit should be *62 dismissed. The procedures of § 2000e-5 are applicable to a proceeding under the Americans with Disabilities Act brought pursuant to 42 U.S.C. § 12101 et seq. 42 U.S.C. § 12117(a). That being the case, the petitioner does not possess the requisite authority to initiate this suit.
As a general rule, a charge of discrimination brought under Title VII must be filed with the EEOC within 180 days from the date of the alleged unlawful employment practice. 42 U.S.C. § 2000e-5(e). Walker v. St. Anthony's Medical Center, 881 F.2d 554, 556 (8th Cir.1989), citing, Cobb v. Stringer, 850 F.2d 356, 358 (8th Cir.1988). However, the timely filing of a charge with the EEOC is not a jurisdictional requirement and is subject to waiver, estoppel and equitable tolling. Walker v. St. Anthony's Medical Center, supra at 557, citing, Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982). "Following Zipes, decisions from several other circuits have extended the reasoning of Zipes to hold that the procedural requirement of obtaining a right-to-sue letter, like the charge filing requirement at issue in Zipes, is no longer considered a jurisdictional prerequisite to suit but is, instead, a statutory prerequisite analogous to a statute of limitations and is subject to modification by a District Court when appropriate." Sherman v. Standard Rate Data Services, Inc., 709 F.Supp. 1433, 1436-7 (N.D.Ill.1989). See e.g., Bintz v. NSU Bd., 811 F.2d 1504 (4th Cir.1987); Gooding v. Warner-Lambert Co., 744 F.2d 354 (3rd Cir.1984); Fouche v. Jekyll Island-State Park Authority, 713 F.2d 1518 (11th Cir.1983); Pinkard v. Pullman-Standard, Div. of Pullman, Inc., 678 F.2d 1211 (5th Cir.1982), cert. denied, 459 U.S. 1105, 103 S.Ct. 729, 74 L.Ed.2d 954 (1983).
In order for a discrimination defendant to be subject to suit in District Court, he must first be given notice of the charges filed against him with the EEOC and/or the appropriate state agency and be afforded the opportunity to conciliate charges. Sanchez v. Standard Brands, Inc., 431 F.2d 455, 466 (5th Cir.1970); McClelland v. Herlitz, Inc., 704 F.Supp. 749, 752 (N.D.Tex.1989). A right-to-sue letter is no longer considered a jurisdictional prerequisite to bringing a Title VII claim, however, receipt of a right-to-sue letter is a statutory prerequisite, that is, a condition precedent to bringing a discrimination suit. Sherman v. Standard Rate Data Service, Inc. 709 F.Supp. 1433, 1436 (N.D.Ill.1989); Hladki v. Jeffrey's Consol., Ltd., 652 F.Supp. 388, 392 (E.D.N.Y.1987). The court in Hladki dismissed the discrimination suit without prejudice for failure to comply with the Title VII requirements. Petitioner in this action has filed a complaint before the Missouri Commission on Human Rights on October 18, 1991. (See attachment to defendant's motion to dismiss). The complaint is presently under investigation. (See letter attached to defendant's Motion to Add Exhibit filed on February 24, 1992). Accordingly, the discrimination suit in this case should be dismissed without prejudice to allow the plaintiff the opportunity to comply with the requirements of Title VII which are also applicable to a suit under Title I of the Americans with Disabilities Act. 42 U.S.C. §§ 12101, et seq. and 12117(a). Dismissal without prejudice would leave access to this court available in the event that petitioner's claim before the Missouri Commission on Human Rights is unsuccessful as long as petitioner complies with the required time limits for bringing suit if his claim before the Commission on Human Rights is denied.

RECOMMENDATION
IT IS HEREBY RECOMMENDED that the claim of Lee Roy Kent for religious discrimination brought pursuant to Title I of the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq., not be dismissed as frivolous in accordance with 28 U.S.C. § 1915(d) as it states an arguable basis in either law or fact.
IT IS FURTHER RECOMMENDED that the suit be dismissed without prejudice for failure to obtain the requisite right-to-sue letter in compliance with Title I of the Americans with Disabilities Act.
*63 IT IS FURTHER RECOMMENDED that the plaintiff's Motion for a Trial Date be denied as moot.
The parties are advised that they have eleven (11) days in which to file written objections to this Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained, and that failure to file timely objections may result in a waiver of the right to appeal questions of fact. See Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990).