**Ben E. FORD, Plaintiff,**

v.

**CITY OF UTICA PARKS DEPART-
MENT and Department of Pub-
lic Works, Defendants.**

**No. 99–CV–1475(NAM)(GJD).**

United States District Court,
N.D. New York.

June 23, 2000.

Ben E. Ford, Utica, NY, plaintiff pro se.

Office of Corporation Counsel, City of Utica, Utica, NY, Charles N. Brown, of counsel.

**MEMORANDUM DECISION
AND ORDER**

MORDUE, District Judge.

### Introduction

Plaintiff Ben E. Ford commenced the present action against defendants City of Utica Parks Department and Department of Public Works ("Utica") pursuant to Title VII, 42 U.S.C. § 2000e, *et seq.* for alleged discrimination on the basis of race. Specifically, plaintiff alleges that while employed as a seasonal laborer, defendants discriminated against him by failing to employ him in permanent positions for which he applied, by failing to promote him, by reducing wages, by providing unequal terms of employment and by terminating him.

Presently before the Court is defendants' motion to dismiss plaintiff's complaint. Specifically, defendants move pursuant to Federal Rule of Civil Procedure 12(b)(1) for dismissal based on lack of subject matter jurisdiction because plaintiff has allegedly failed to obtain a Right to Sue letter as required by Title VII. Defendants also move pursuant to Rule 12(b)(5) for dismissal based on insufficient service of process because plaintiff allegedly failed to serve defendants with process within 120 days of filing of the complaint as required by Rule 4(m). Finally, defendants move pursuant to Rule 12(b)(6) for dismissal based on plaintiff's alleged failure to state a claim upon which relief can be granted.

### Discussion

### Right to Sue Letter

As urged by defendants, a plaintiff must first obtain a Right to Sue letter before commencing an action pursuant to Title VII. *See Brown v. General Electric Co.,* 1995 WL 340748, *1 (N.D.N.Y.1995); *Hall v. New York State Dep't of Envtl. Consv.,* 726 F.Supp. 386, 387 (N.D.N.Y.1989) (citing *Sheehan v. Purolator Courier Corp.,* 676 F.2d 877, 881 (2d Cir.1981)). A plaintiff's failure to obtain a Right to Sue letter requires dismissal without prejudice. *See Brown,* 1995 WL 340748, at *1; *Hall,* 726 F.Supp. at 388.

Plaintiff has failed to submit proof that he has in fact obtained a proper Right to Sue letter. Defendants allege that, despite allegations to the contrary, plaintiff has not obtained any such letter. A review of the September 15, 1999 complaint supports defendants' argument. The com-

plaint states that plaintiff received a Right to Sue letter in October 1999—one month after the date plaintiff filed his complaint. Aside from the fact that plaintiff claims to have received a Right to Sue letter on a date which had not occurred at the time of filing of the complaint, plaintiff also failed to submit a copy of the letter despite indications in the complaint that same was attached. Therefore, after a review of the pleading, the only logical conclusion this Court can draw is that no Right to Sue letter was ever provided to plaintiff. Even assuming that plaintiff has obtained a Right to Sue letter as alleged in his complaint, same was not obtained before commencement of the present action, thereby requiring dismissal without prejudice. *See Hladki v. Jeffrey's Consolidated, Ltd.,* 652 F.Supp. 388, 392 (E.D.N.Y.1987) (holding that Right to Sue letter is a statutory *pre* requisite or condition *precedent*). Therefore, regardless of whether plaintiff has in fact obtained the Right to Sue letter on the date alleged, the complaint is deficient on its face as plead. As such, it is unnecessary for the Court to consider defendants' alternative arguments.

Accordingly, it is hereby

**ORDERED** that plaintiff's complaint is **DISMISSED** without prejudice.

IT IS SO ORDERED.