Haywood CROMWELL, Plaintiff,

v.

Benjamin WARD, Individually and in His Official Capacity as Commissioner of the New York State Department of Corrections, et al., Defendants.

No. Civ–75–84.

United States District Court,
W. D. New York.

Jan. 7, 1977.

Gary Mucci, Saperston, Day & Radler, Buffalo, N.Y., for plaintiff.

Asst. Atty. Gen. Douglas S. Cream, New York State Dept. of Law, Buffalo, N.Y., for defendant.

CURTIN, Chief Judge.

In this civil rights action, initiated by the plaintiff pro se pursuant to 42 U.S.C. § 1983, plaintiff's amended complaint alleges that defendants have failed to accord plaintiff constitutionally-mandated due process safeguards in the course of a disciplinary proceeding and have interfered with his access to counsel and to the courts.

Defendants have now moved pursuant to Rule 12 of the Federal Rules of Civil Procedure for an order dismissing the complaint for failure to state a claim upon which relief may be granted. In the alternative, defendants have moved for a more definite statement pursuant to Rule 12(e) with respect to the due process claims and for dismissal of the other claims.

A case brought under the Civil Rights Act (42 U.S.C. § 1983) should not be dismissed at this stage of the proceedings unless it appears "to a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proved in support of his claims." *Holmes v. New York City Housing Authority*, 398 F.2d 262, 265 (2d Cir. 1968); *Dioguardi v. Durning*, 139 F.2d 774 (2d Cir. 1944). The mere fact that some of the allegations in plaintiff's amended complaint may be lacking in detail is not a proper ground for dismissal of the action at the pleadings stage. *Holmes v. New York City Housing Authority, supra*; *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

With respect to plaintiff's first claim that he was subjected to improper disciplinary action, the Supreme Court has recognized that an inmate, while deprived of substantial aspects of his liberty, is still entitled to minimal due process protections when he is subjected to disciplinary proceedings within a correctional facility. *Wolff v. McDonnell*, 418 U.S. 539, 555–556, 94 S.Ct. 2963, 41 L.Ed.2d 295 (1973). The amended complaint alleges that plaintiff was improperly charged before the Attica Adjustment Committee, that the proceedings before that committee were in violation of the regulations of the New York State Department of Corrections and in disregard of constitutional due process requirements and that, as a result, plaintiff lost certain privileges and recreational opportunities that would otherwise have been available to him.

In my order of February 28, 1975, I enumerated the ways in which petitioner in his pro se complaint had alleged a denial of due process safeguards:

(1) Plaintiff was not given notification of charges prior to his appearance before the Adjustment Committee;

(2) He was not allowed to call as witnesses other persons who observed the incident of February 1, 1975;

(3) No findings were advanced by the Adjustment Committee to justify imposition of punishment.

In addition, defendants' own records should enable them to formulate a responsive pleading with respect to whether their own regulations and due process requirements were complied with in the course of the disciplinary proceeding.

■ Plaintiff's second claim is that his rights of access to counsel and to the courts were interfered with by defendants' repeated denial to him of access to the facility's law library and by defendants' unreasonable delay in forwarding plaintiff's legal mail to the court. Availability of and access to reasonable legal library facilities are aspects of an inmate's constitutionally protected right of access to the courts. *White v. Sullivan*, 368 F.Supp. 292 (S.D.Ala.1973); *Gilmore v. Lynch*, 319 F.Supp. 105 (N.D.Cal. 1970), *aff'd sub nom. Younger v. Gilmore*, 404 U.S. 15, 92 S.Ct. 250, 30 L.Ed.2d 142 (1971). Also encompassed within the inmate's right of access to the courts is the right to dispatch mail to the courts free from interference by corrections officials. *Stiltner v. Rhay*, 322 F.2d 314 (9th Cir. 1963), *cert. denied*, 376 U.S. 920, 84 S.Ct. 678, 11 L.Ed.2d 615, *rehearing denied*, 376 U.S. 959, 84 S.Ct. 972, 11 L.Ed.2d 978 (1964); *Corby v. Conboy*, 457 F.2d 251 (2d Cir. 1972); *Carothers v. Follette*, 314 F.Supp. 1014, 1022 (S.D.N.Y.1970).

■ I conclude that plaintiff's causes of action are sufficiently pleaded and supported by the case law to withstand defendants' Rule 12(b)(6) motion to dismiss the complaint for failure to state a claim upon which relief may be granted. Defendants' motion in this respect is denied.

In the alternative, defendants have moved for a more definite statement pursuant to Rule 12(e).

■ The pleading system under the Federal Rules requires only notice of the claim with the details to be provided by discovery.

*See* Rule 8, Fed.R.Civ.P. If the complaint fairly notifies the opposing party of the nature of the claim, a motion for a more definite statement of the complaint will be denied, as the basis for granting the motion is unintelligibility rather than mere lack of detail. *Fairmont Foods Co. v. Manganello*, 301 F.Supp. 832 (S.D.N.Y.1969).

■ I believe that plaintiff has formulated both an intelligent and intelligible pleading which satisfies the requirements of Rule 8 by fairly notifying the defendants of the nature of the claims against them. The evidentiary detail sought by defendants, as well as elaboration of the involvement of defendants Ward and Smith, can be more appropriately obtained through pretrial discovery devices. *See* MOORE'S FEDERAL PRACTICE, Vol. 2A, ¶ 12.18 at 2396–2398. Defendants' motion for a more definite statement is denied.

Defendants are directed to submit an answer to the complaint within 45 days from the date of this order. The parties are then directed to proceed to discovery so that defendants may be provided with the factual details which they have sought in this motion.

So ordered.