In re **NOROTON HEIGHTS ENTERPRISES CORP.,** d/b/a Stoler's, Debtor.

Nathan **SALTZMAN,** Plaintiff,

v.

**NOROTON HEIGHTS ENTERPRISES CORP., d/b/a Stoler's,** Defendant.

William **MASON,** Plaintiff,

v.

**NOROTON HEIGHTS ENTERPRISES CORP., d/b/a Stoler's,** Defendant.

Bankruptcy No. 5–87–00883.
Adv. Nos. 5–88–0103, 5–88–0104.

United States Bankruptcy Court, D. Connecticut.

Feb. 8, 1989.

James Berman, Zeisler & Zeisler, P.C., Bridgeport, Conn., for plaintiffs.

Irve J. Goldman, Evans & Baldwin, P.C., Bridgeport, Conn., for defendant.

## MEMORANDUM AND ORDER

ALAN H.W. SHIFF, Bankruptcy Judge.

The defendant moves to dismiss the complaints in these adversary proceedings for failure to state claims upon which relief can be granted or, in the alternative, for more definite statements. For the reasons that follow, the motions are denied.

## BACKGROUND

The plaintiffs are former shareholders of the defendant who filed proofs of claim in connection with debts arising out of stock repurchase agreements. Under the agreements, the defendant gave the plaintiffs a series of promissory notes, secured by all of its personal property, in consideration for the transfer by the plaintiffs of their capital stock. The defendant objected to those claims.[1] On September 20, 1988, the plaintiffs were directed to pursue their claims under Part VII of the Bankruptcy Rules. *See* Bankruptcy Rule 9014. On September 29, 1988, complaints were filed, commencing these adversary proceedings. Each complaint alleges that a debt was incurred, a security interest was granted, a financing statement was filed, and a specific dollar amount was owed on the date the chapter 11 petition was filed.

The defendant argues that the complaints are deficient because they do not specifically allege (1) the consideration given for which the debts were incurred, (2) that the claims arose from stock repurchase agreements, or (3) that either the defendant was solvent at the time the notes were delivered or was not made insolvent

---

1. The grounds set forth in the defendant's objections to the proofs of claim were that (1) the notes were invalid under Connecticut General Statutes § 33–358(e) due to the debtor's insolvency at the time the notes were given, or its becoming insolvent thereby, (2) the financing statements which purportedly perfected the security interests were insufficient, and (3) the claims should be equitably subordinated due to misconduct on the part of the plaintiffs. On August 11, 1988, the plaintiffs filed motions to dismiss the objections on the ground that they should have been asserted by the commencement of adversary proceedings. *See* Bankruptcy Rule 7001.

by their delivery. *Defendant's Motions ¶ 6(a)—(c).* In support of its solvency argument, the defendant maintains that compliance with § 33–358(e) of the Connecticut General Statutes, *see infra* at 14, is a condition precedent to the delivery of the notes which must be pleaded in compliance with Rule 9(c) F.R.Civ.P. *Defendant's Memorandum of Law in Support of Motions at 4–5.* The defendant further contends that the writings on which the secured claims are based and evidence that the security interests were properly perfected should have been attached as exhibits to the complaints in compliance with Bankruptcy Rule 3001 or in the alternative Rule 7008. *Id.* at 5–6.

## DISCUSSION

### A.

### MOTION TO DISMISS; RULE 12(b)(6)

Rule 12(b)(6) F.R.Civ.P. provides that a defendant may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." The purpose of a motion to dismiss is to assess the legal sufficiency of a complaint, not to judge the weight of evidence which might be offered in its support. *Geisler v. Petrocelli,* 616 F.2d 636, 639 (2d Cir.1980). A complaint is subject to dismissal if it fails to allege a required element which is necessary to obtain the relief sought. *See Cannon v. Univ. of Chicago,* 648 F.2d 1104, 1109–10 (7th Cir.1981) *cert. denied,* 460 U.S. 1013, 103 S.Ct. 1254, 75 L.Ed.2d 482 (1983); 2 A *Moore's Federal Practice* ¶ 12.07[2.–5], at 12–68 (2d ed. 1985). The defendant apparently bases its motions under Rule 12(b)(6) solely on the plaintiffs' failure to allege that the defendant was solvent at the time the note was executed, as all of the other specified grounds for relief do not address legal sufficiency.

The issue here is whether the solvency of the defendant at the time of the purchases is a condition precedent which must be pleaded by the plaintiffs, or whether the insolvency of the defendant must be pleaded by the defendant as an affirmative defense.

Rule 8(a) F.R.Civ.P., made applicable by Bankruptcy Rule 7008(a), provides:

A pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim, shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks. Relief in the alternative or of several different types may be demanded.

Rule 9(c) F.R.Civ.P., made applicable by Bankruptcy Rule 7009, provides:

In pleading the performance or occurrence of conditions precedent, it is sufficient to aver generally that all conditions precedent have been performed or have occurred. A denial of performance or occurrence shall be made specifically and with particularity.

Although read literally, Rule 9(c) appears to merely provide a method of pleading conditions precedent, it has been found that "Federal Rule of Civil Procedure 9(c) requires that all conditions precedent to suit which have been performed or have occurred be averred in the complaint...." *Kirkland v. Bianco,* 595 F.Supp. 797, 798 (S.D.N.Y.1984). *See also Hladki v. Jeffrey's Consol., Ltd.,* 652 F.Supp. 388, 392–93 (S.D.N.Y.1987).

"A condition precedent is 'a fact (other than a mere lapse of time) which ... must exist or occur before a duty of immediate performance of a promise arises....'" *United States v. Schaeffer,* 319 F.2d 907, 911 (9th Cir.1963) (quoting *Restatement of Contracts* § 250). *See also Sharma v. Skaarup Ship Management Corp.,* 699 F.Supp. 440, 448 (S.D.N.Y.1988). "A condition creates no right or duty of and in itself, but is merely a limiting or modifying factor. If it is breached or does not occur, the promisee acquires no right to enforce

the promise." *United States v. Schaeffer, supra,* 319 F.2d at 911.

Under Connecticut law

[n]o purchase of, redemption of or payment for any of its own shares shall be made at a time when the corporation is insolvent or when such purchase or payment would make it insolvent; provided nothing in this subsection shall invalidate or otherwise affect a note, debenture or other obligation of a corporation given by it as consideration for its purchase, conversion, redemption or other acquisition of its own shares if at the time such note, debenture or obligation was delivered by the corporation it was not insolvent and was not made insolvent by the delivery of such note, debenture or obligation.

Conn.Gen.Stat.Ann. § 33–358(e) (West 1987). Therefore, the solvency of the debtor at the time of the stock repurchase was an implied condition precedent which attached to the notes and bound the plaintiffs and the defendant by operation of law. *See La Grand Steel Prod. Co. v. Goldberg (Matter of Poole, McGonigle & Dick, Inc.),* 796 F.2d 318, 322–23 (9th Cir.1986), *modified,* 804 F.2d 576 (9th Cir.1986) (construing Or.Rev.Stat. § 57.035(5), which is similar to Conn.Gen.Stat. § 33–358(e)). *See also Robinson v. Wangemann,* 75 F.2d 756, 757–58 (5th Cir.1935); *In re Fechheimer Fishel Co.,* 212 F. 357, 363–67 (2d Cir. 1914). If the defendant was not solvent at the time of the purchase, the plaintiffs acquired no right to enforce the notes and the defendant incurred no duty to perform.

The plaintiffs contend that noncompliance with Connecticut General Statutes § 33–358(e) is an affirmative defense which the defendant is required to plead under Rule 8(c) F.R.Civ.P.Rule 8(c) provides that "[i]n pleading to a preceding pleading, a party shall set forth affirmatively ... illegality, ... and any other matter constituting an avoidance or affirmative defense." The delivery of a note in violation of § 33–358(e) is an illegal act. *See Bur-*

gess v. Kennedy, 5 Conn.L.Trib. No. 16, at 7, 8 (D.Conn. Mar. 15, 1979) (Civ. No. H–78–424).

I conclude, however, that the insolvency of the debtor is not an affirmative defense within the meaning of Rule 8(c). "Rule 8(c) ... is concerned with affirmative defenses—the pleading of matter that is not within the claimant's prima facie case." 2A *Moore's Federal Practice* ¶ 8.27[1], at 8–175 (2d ed. 1985). " '[I]f the defense involved is one that merely negates an element of the plaintiff's prima facie case ... it is not truly an affirmative defense and need not be pleaded despite rule 8(c).' " *Sanden v. Mayo Clinic,* 495 F.2d 221, 224 (8th Cir.1974) (quoting 2 A *Moore's Federal Practice* ¶ 8.27[2], at 1843 (2d ed. 1974)). *See also Marino v. Otis Eng'g Corp.,* 839 F.2d 1404, 1408 (10th Cir.1988); *Masuen v. E.L. Lien & Sons, Inc.,* 714 F.2d 55, 57 (8th Cir.1983); *Emmons v. S. Pac. Transp. Co.,* 701 F.2d 1112, 1118 (5th Cir.1983). Affirmative defenses raise a new element rather than refute elements of the plaintiff's case. The essence of the affirmative defense is to place in issue the defendant's allegation; that is, even if the plaintiff's allegations are proven, the plaintiff is not entitled to the relief sought in the complaint because of other facts. A contrary conclusion here would produce the bizarre result of requiring the defendant to plead its own illegal act as an affirmative defense.

The plaintiffs' complaints contain no allegation, general or specific, regarding the existence of the condition precedent imposed by § 33–358(e). In the absence of such an allegation, the complaints fail to state causes of action, *see Redfield v. Continental Casualty Corp. (Matter of Intercontinental Sec. Corp.),* 818 F.2d 596, 610 (7th Cir.1987), but that conclusion does not warrant a dismissal on the merits.[2] As the *Redfield* court observed, "[t]he appropriate remedy for a plaintiff's failure to allege compliance with conditions precedent is dismissal without prejudice." *Id. See also*

---

**2.** It is assumed that the defendant seeks a dismissal on the merits, since a dismissal under Rule 12(b)(6) is generally on the merits and accorded res judicata effect, *see* 2 A *Moore's*

*Federal Practice* ¶ 12.07[2.–5], at 12–63 (2d ed. 1985), and, as noted in the text, *infra,* anything less would not serve any interest of the defendant. *See also* Rule 41(b) F.R.Civ.P.

*Hladki, supra,* 652 F.Supp. at 395; *Kirkland, supra,* 595 F.Supp. at 798. That remedy will serve no useful purpose here. To the contrary, since the plaintiffs would be permitted to commence new actions which properly pleaded the condition precedent, dismissals without prejudice would merely increase the cost of litigation for both sides and delay trial on the merits. The better course is to grant the plaintiffs a period of time to amend their complaints to comply with Rules 8(a) and 9(c). *See Redfield, supra,* 818 F.2d at 610; 2 A *Moore's Federal Practice* ¶ 9.04, at 9–68 (2d ed. 1987).

This analysis does not alter the critical issue of who must *prove* whether the defendant was solvent or insolvent at the time of the purchase. The substantive question of who has the *burden of proof* on a given matter is determined by state law, and the placing of the *burden of pleading* upon one party or the other under the Federal Rules of Civil Procedure should not alter this determination. *See Vinsant Painting & Decorating, Inc. v. Koppers Co., Inc.,* 822 F.2d 1022, 1022–23 (11th Cir.1987); *Fireman's Fund Ins. Co. v. Videfreeze Corp.,* 540 F.2d 1171, 1174–75 (3rd Cir.1976), *cert. denied,* 429 U.S. 1053, 97 S.Ct. 767, 50 L.Ed.2d 770 (1977); 2 A *Moore's Federal Practice* ¶ 8.27[2], at 8–176 to 8–177, 8–181 n. 16 (2d ed. 1985). Thus, even if the defendant were to plead as an affirmative defense that it was insolvent at the time of the purchases, the plaintiffs would nonetheless have the burden of proving that the defendant was solvent at that time, since such solvency is made a part of their cause of action by state law.

### B.

### Motion for More Definite Statement; Rule 12(e)

■ As noted, the defendant seeks to have the plaintiffs plead the consideration given for the stock repurchased and the fact of such repurchase. The defendant also seeks to have the plaintiffs attach the writings upon which their secured claims are based and evidence that their respective security interests were properly perfected to their complaints.[3]

Rule 12(e) F.R.Civ.P. provides in part:

If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading. The motion shall point out the defects complained of and the details desired.

The rule is intended to address unintelligibility, rather than a lack of detail. *See Woods v. Reno Commodities, Inc.,* 600 F.Supp. 574, 580 (D.Nev.1984); *FRA S. p. A. v. Surg–O–Flex of Am.,* 415 F.Supp. 421, 427 (S.D.N.Y.1976); 2 A *Moore's Federal Practice* ¶ 12.18[1], at 12–130 (2d ed. 1987). If the opposing party is fairly informed of the nature of the claim by the complaint, a motion for a more definite statement should not be granted. Such motions are not favored and should not be used as a substitute for discovery. *See Woods, supra,* 600 F.Supp. at 580; *Cromwell v. Ward,* 425 F.Supp. 97, 99 (W.D.N.Y. 1977); 2 A *Moore's Federal Practice* ¶ 12.18[1], at 12–141 to 12–143 (2d ed. 1985).

■ The defendant has failed to show that the complaints are so unintelligible or uninformative that relief is warranted under Rule 12(e). Indeed, the plaintiffs' complaints unequivocally identify the amount of the debts, the dates they were incurred, and the dates the respective security interests were perfected. The obligations being sued upon are clearly recognizable. The information which the defendant seeks need not be included in or attached to the complaint, but may be available through discovery.

In support of its motion for a more definite statement, the defendant reads Bankruptcy Rule 3001, which requires that cer-

---

**3.** The defendant fails to recognize that a motion under Rule 12(e) is intended to address the clarity of a complaint, rather than the purported lack of evidence to prove its essential allegations.

tain information be filed with a proof of claim, as requiring that the same information be included in a complaint under Part VII of the Bankruptcy Rules. *Defendant's Memorandum at 5–6.* The short answer is that the information which must be included in a complaint is determined by Part VII of the Rules. The defendant blurs the distinction between a complaint and a proof of claim.

### CONCLUSION

I conclude that the defendant is not required to plead its insolvency as an affirmative defense and that the defendant's solvency is a condition precedent to the plaintiffs' rights to recover and must be pleaded by them. Accordingly, IT IS ORDERED that the defendant's motions are denied, and IT IS FURTHER ORDERED that the plaintiffs are granted a period of thirty days from the entry of this order in which to amend their complaints to plead in a manner consistent with this decision. If the plaintiffs do not amend their complaints in compliance with this order, the complaints will be dismissed by the further orders of this court.