[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE
The defendant has moved to strike all seven counts of the plaintiff's Revised Complaint ("complaint") and all claims in Paragraphs 1 through 7 of the claims for relief. The plaintiffs, former employees and shareholders of the corporate defendant ("MCA") instituted the present action against MCA and James R. McManus ("McManus") who is the Chairman, and Chief Executive Officer, President, Director and a Shareholder of MCA. The CT Page 6005 plaintiffs claim that they sold their stock interest in MCA to MCA and received, in return, cash and notes payable in installments. The plaintiffs claim that the notes contained subordination provisions which excused payments which would otherwise be due when such payments would result in a default under certain senior indebtedness as defined in the notes and, as to certain notes, the payments required the consent of certain specified lenders to MCA. The plaintiffs also claim that after the issuance of the notes, MCA undertook debt restructuring which caused the consent to payment provisions to become inoperative and had the effect of curing any defaults in senior indebtedness that would have excused payment of the notes issued to the plaintiffs.
The First Count of the complaint alleges a claim on the notes themselves for the principle amounts which are due and payable together with all accrued and unpaid interest. The Second Count of the complaint alleges a breach of a common law duty of good faith and fair dealings as to MCA and McManus in that the defendants failed to use best efforts to prevent defaults; deliberately attempted to prevent payments of the note; failed to preserve corporate assets and engaged in waste of corporate assets so as to deprive the company of assets to pay its creditors. The Third Count alleges a breach of a fiduciary duty on the part of the defendant McManus by using corporate funds for travel, excepting excess compensation, dividends, distributions and perquisites without business justification and alleges that these actions were undertaken when MCA was insolvent, under-capitalized or unable to meet its financial obligations. The Fourth Count of the complaint alleges fraudulent transfers on the part of McManus and that payments were made to McManus without fair consideration for excessive salary, bonuses, dividends, excessive interest on the purported loans and excessive lease payments and that such transfers were made with the actual intent to hinder, delay or defraud one or more of the creditors of MCA. The Fifth Count of the complaint alleges that improper distributions were made by MCA to McManus in violation of the Connecticut Stock Corporations Act, General Statutes 33-356 and 33-357 and that McManus is liable to the plaintiffs for the amounts so received to the extent that the plaintiffs obtain a judgment against MCA on which execution is returned unsatisfied. The Sixth Count of the complaint alleges unjust enrichment on the part of the defendants in that the defendants unjustly received substantial benefit from receiving shares of stock from the plaintiffs and that the plaintiffs claim to be entitled to recover the fair value of the benefits so conferred less payments actually received. The Seventh Count of the CT Page 6006 complaint alleges violations of the Connecticut Unfair Trade Practices Act, General Statutes 42-110a et. seq. ("CUTPA").
The defendants have moved to strike the First Count which alleges a claim for nonpayment of the notes on the grounds that the plaintiffs admit that MCA is insolvent at the present time and, therefore, the plaintiffs are bound by the subordination provisions of the notes in issue and the plaintiffs are not entitled to payments until the senior indebtedness is paid in full. The complaint alleges that the restructuring of MCA after the issuance of the notes in issue eliminated covenant defaults that would have excused payments under the notes and had the effect of curing any defaults on senior indebtedness that would have excused payment of the sums due under the notes. The plaintiffs also claim that defendants have breached an implied duty of good faith and fair dealing which was a direct cause of any defaults on the senior debt that currently exists. The issue is not whether the plaintiffs can prove those claims, but simply whether the complaint, construed most favorably to the plaintiffs, is sufficient to enable them to attempt to prove a cause of action. Under the applicable standards the plaintiff is entitled to present the claim that the debt restructuring caused the subordination provisions to become inapplicable.
The defendant also moves to strike the First count on the grounds that General Statutes 33-358(e) provides that a corporation may not purchase any of its own shares at a time when the corporation is insolvent or when the purchase would make it insolvent. The defendants therefore claim that the plaintiffs have failed to allege compliance with the statute and the complaint is therefore defective. The court is aware that if compliance with statutes 33-358(e) is viewed as a condition precedent to stating a cause of action, then such allegations must be asserted in the complaint. See, In Re Noroton Heights Enterprises Corp., 96 B.R. 11,14-15 (Bank. D. Conn. 1989). Under Practice Book 164 illegality, not apparent on the face of the pleadings, must be specially pleaded. The allegations of the complaint allege the purchase by MCA of its own shares of stock. However, such a transaction is not necessarily illegal. Therefore, any facts claimed to establish illegality should be pleaded as a special defense. Norwalk Door Closer Co. v. Eagle Lock and Screw Co.,153 Conn. 681, 686 (1966). The court does not view compliance with the statute as a condition precedent to recovery, but rather as facts which must be pleaded as a special defense asserting illegality not apparent on the face of the pleadings. Accordingly, the Motion to CT Page 6007 Strike the First Count of the complaint is denied.
The defendants have moved to strike the Second Count of the complaint which asserts a breach of the covenant of good faith and fair dealing. As to the defendant McManus, the plaintiffs claim that he failed to use his best efforts to prevent defaults; deliberately attempted to prevent payment under the notes and failed to preserve corporate assets and engaged in waste of corporate assets which have deprived the company of sufficient assets to pay its creditors. An implied covenant of good faith and fair dealing has been applied to a variety of contractual relationships and the law recognizes such an implied covenant in every contract. See Magnan vs. Anaconda Industries, Inc. 193 Conn. 558,566 (1984). It is so also true that while an officer of a corporation does not incur personal liability for the torts of the corporation, he may be liable if he himself commits a tort such as negligence. See Scribner vs. O'Brien, Inc. 169 Conn. 389, 404
(1975). However, the Second Count asserts a breach of a covenant of fair dealing with respect to a contract to which McManus was not a party. The plaintiffs have not cited any case to the court wherein the implied covenant of good faith and fair dealing has been applied to someone who is not a party to the contract. While there may be legal theories upon which the plaintiff might seek to impose liability upon McManus, liability does not lie in a breach of an implied covenant with respect to a contract to which he is not a party. Accordingly, the Motion to Strike a Second Count as to the defendant McManus is hereby granted. As to the defendant MCA, the complaint does allege various acts, done by officers/agents of MCA, which might constitute a breach of a covenant of good faith and fair dealing with respect to the contract to which MCA is a party. Accordingly, the Motion to Strike the Second Count as to MCA is denied.
The Third Count of the complaint alleges a breach of a fiduciary duty on the part of McManus on the grounds that there was a utilization of corporate funds for various travel expenses, excess compensation, lease payments, distributions and perquisites paid to McManus without business justification. The count further alleges that the actions of McManus were performed while MCA was insolvent and unable to meet its financial obligations and, therefore, McManus has breached his fiduciary duty to the plaintiffs as creditors of the company. The defendant has moved to strike the third count on the grounds that the plaintiffs cannot appropriate to themselves claims which more properly belong to the corporation. CT Page 6008
"In this regard, it is axiomatic that a claim of injury, the basis of which is a wrong to the corporation, must be brought in a derivative suit, with the plaintiff proceeding `secondarily', deriving his rights from the corporation which is alleged to have been wronged." Yanow v. Teal Industries, Inc., 178 Conn. 262, 281
(1979). However, if the plaintiff sustains a loss separate and distinct from that of the corporation, he has the right to seek redress in a personal capacity for a wrong done to him individually. Yanow, supra, at 282. In the present case, the plaintiffs have alleged actions of McManus violated a duty owed to the plaintiffs. However, the allegations of the Third Count seek to impose damages for injuries which are not any different from injuries that would be sustained by creditors or shareholders as a whole. Accordingly, the Motion to Strike the Third Count of the complaint is hereby granted.
The Fourth Count of the complaint sets forth a cause of action based upon fraudulent transfers made by MCA to McManus without fair consideration and with the actual intent to hinder, delay or defraud one or more creditors of MCA. The Fourth Count further claims that, at the time of the transfers, MCA was insolvent and that payments were made to McManus for antecedent debts and that McManus had reasonable cause to believe that MCA was insolvent at the time the transfers were made. The defendant has moved to strike the Fourth Count on the grounds that the claims of the plaintiffs have not yet matured and, a contingent creditor may not avoid such conveyances until the occurrence of the contingency upon which a claim ultimately depends.
Where an allegedly fraudulent conveyance occurred at a time when the plaintiff's claim was still contingent, the plaintiff would be entitled to avoid the conveyance when liability became absolute. Crachten v. Boyarsky, 122 Conn. 465, 471 (1937). The complaint filed by the plaintiff asserts that sums are presently due and payable to them. Accordingly, the Motion to Strike the Fourth Count of the complaint is denied.
The Fifth Count of the complaint alleges that McManus received dividends and distributions in violation of Connecticut General Statutes 33-356 and 33-357. The plaintiffs therefore assert that McManus is liable to them for the amounts so received "to the extent that the plaintiffs obtain a judgment against MCA on which execution is returned unsatisfied." CT Page 6009
General Statutes 33-356 and 33-357 provide that dividends and distributions charged to capital may not be made at a time when the corporation is insolvent or when such distributions would render the corporation insolvent. General Statutes 33-359 provides that a shareholder who receives distributions in violation of the above referred to statutes and who has accepted such distributions knowing them to be improper, shall be liable for the amount so received "to any creditor existing at the time of such distribution who obtained judgment against such corporation on which execution is returned unsatisfied." In the present case, the plaintiffs are not attempting to act as a representative of all creditors, see, Davenport, Receiver v. Lines 72 Conn. 18, 130
(1899), and are seeking a damage award against defendant McManus when they have not obtained a judgment against the corporation upon which execution has been returned unsatisfied. The plaintiffs have cited no case authorizing the assertion of a cause of action such as here asserted and they do not satisfy the conditions set forth in General Statutes 33-359. Accordingly, the motion to strike the fifth count of the complaint is hereby granted.
In the Sixth Count of the complaint, the plaintiffs allege a claim as against the defendants McManus and MCA for unjust enrichment. The defendants have moved to strike the claim on the grounds that unjust enrichment is available only when there is no valid contract.
"`Unjust enrichment is a legal doctrine to be applied when no remedy is available pursuant to a contract. (Citation omitted) In order for the plaintiff(s) to recover under the doctrine, it must be shown that the defendants were benefited, that the benefit was unjust in that it was not paid for by the defendants, and that failure of payments operated to the detriment of the plaintiff(s).'" Menard v. Gentile, 7 Conn. App. 211, 215 (1986). Thus, the existence of a contract enforceable at law precludes the equitable remedy of unjust enrichment. Feng v. Dart Hill Realty,28 Conn. App. 380, 383 (1992). While proof of an enforceable contract with MCA might preclude application of an unjust enrichment theory, the plaintiffs may be unable to prove an enforceable contract and, at least at this stage of the proceedings, are entitled to plead inconsistent theories. Accordingly, the Motion to Strike the Sixth Count of the complaint as to MCA is denied. The plaintiffs also claim that McManus has been benefited and unjustly enriched because the purchase by MCA of its own shares of stock increased the percentage ownership interest of McManus. The same could be said for all other CT Page 6010 shareholders of MCA. In the opinion of the court, the claims asserted against McManus for unjust enrichment are not supported by the facts alleged and the Motion to Strike the unjust enrichment claim set forth in the Sixth Count against McManus is hereby granted.
The Seventh Count of the complaint alleges that the actions of McManus and MCA constituted a violation of the Connecticut Trade Practices Act ("CUTPA"), General Statutes 42-110a et. seq. The defendants have moved to strike the seventh count on the grounds that the facts alleged cannot constitute a CUTPA claim.
General statutes 42-110b provides that: "No person shall engage in unfair methods of competition or unfair deceptive acts or practices in the conduct of any trade commerce." The determining whether a particular conduct comes within the general description of the statute, our courts employ the following criteria: whether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by statutes, the common law, or otherwise — whether, in other words, it is within at least the penumbra of some common law, statutory, or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive or unscrupulous; (3) whether it causes substantial injuries to consumers (competitors or other businessmen)." Chestshire Mortgage Service Inc. v. Montes,223 Conn. 80, 106 (1992). Sanghavi v. Paul Revere Life Insurance Co.,214 Conn. 303, 310-311 (1990). In the present case, the actions alleged in the complaint concern former officers and shareholders of MCA and the corporation and its president. The complaint does not allege "at least some type of consumer relationship" between the plaintiffs and the defendants. Jackson v. R.G. Whipple, Inc.,255 Conn. 705, 727 (1993); see also, Jesperson v. Ponichtera,4 CSCR 793, 794 (1989) (Lewis, J.). As a result of the rulings herein made, the Motion to Strike the claim for relief set forth in Paragraphs 3, 4, 5, 6, (as to McManus) and 7 is granted and denied as to Paragraphs 1, 2 and 6 as to MCA.
Accordingly, the Motion to Strike the Seventh Count of the complaint is hereby granted.
RUSH, J. CT Page 6011